Judge Underwood
delivered the Opinion of the Court.
The proceedings in this case cannot be sustained. The sheriff should make a return upon the warrant in virtue of which he held the inquisition, shewing that the fifteenth section of the act of incorporation had been complied with in respect to all the duties imposed on him. Thus, he should in substance state, that he had, in obedience to the warrant, summoned and empanelled a jury in the manner required by law ; that lie had administered to each of the jury an oath or affirmation (as maybe the case,) justly and impartially to value and assess, according to law, the damages which the owner of the land would sustain by the use and occupation of the land, as required by the company, and that the jury so empannelled and sworn, had made out, signed and sealed their inquisition, which he returns with the warrant to the clerk of —— county. There is no evidence here, that the jury were ever sworn. That is indispensable. There is no return upon the warrant as to the manner of its execution by the sheriff.
Upon the return of the case, we see no reason why the sheriff should riot lie permitted to make a return ; and if it will be such as to sustain the proceedings, the court may give judgment accordingly.
We do not perceive the necessity for giving the owner of the land personal notice of the time and place of the meeting of the jury, as contended for by the counsel for Harper. The law has not required such notice, and, therefore, we are not disposed to regard it as indispensable, although there is much propriety in giving it. There may be cases where it could not be given *228 except by advertisement against persons unknown. In this case, however, we suppose from an endorsement on the warrant of “executed,” and all the subsequent proceedings, that Harper" had notice. 1 he jury are to make their assessment upon their own view, and hence there is not the same necessity for notice as if they had to decide on evidence furnished by the parties.
The finding of the jury is sufficiently explicit for all legal purposes.
Judgment reversed, with costs, and cause remanded for proceedings not inconsistent herewith.