## Edmund A. Brush v. The City of Detroit.

*Proceedings to open streets: Entirety: Notice.* Proceedings to condemn private lands for a public highway are to be considered as an entirety; and if as to any of the parties no valid street was laid in consequence of the want of proper notice to any of the land owners, the street cannot be regarded as lawfully established as against those who were properly served, so as to compel them to pay assessments laid upon them for benefits from its establishment.

*Proceedings to open streets: Notice: Personal service: Publication.* Whether, where all the land owners are shown to have been personally served, a defect in the publication of the notice provided for by the charter of Detroit would be fatal to proceedings to open streets through private lands:—*Quære?*

*Proceedings to open streets: Defect in publication of notice.* Where, however, it appears that there was a defect in the publication of such notice, and does not appear that all the land owners were personally served, the proceedings are held invalid, though the party making the objection was himself personally served.

*Heard April 22. Decided April 27.*

*Certiorari* to Recorder's Court of Detroit.

*Henry M. Cheever* and *Hoyt Post,* for plaintiff in *certiorari.*

*F. G. Russell, City Attorney,* and *D. C. Holbrook, City Counselor,* for defendant in *certiorari.*

PER CURIAM:

The city having carried on proceedings to condemn certain land belonging to the relator and others for a street, he asks a review upon *certiorari.* According to the finding of the

jury it was considered and determined that, aside from any allowance for benefits and enhanced value to the relator's land not taken, the damage to him in consequence of taking the land to be used would be fourteen hundred dollars, but that the benefits and enhanced value to his land not taken, to flow from the establishment of the proposed street, would be nineteen hundred dollars; and thereupon it was further considered and determined that he should pay the sum of five hundred dollars as his just portion of the damages to be paid for the making of said street. And this sum the city has demanded of him.

It appears, among other things, by the record, that the notice relied on to initiate the proceedings in court, and which is to be published, and served if practicable, was served on the relator, but it is admitted that the publication of it does not appear to have been sufficient, and that if the personal service cannot be regarded as adequate without regard to publication, the proceedings cannot be sustained. The record fails to show whether any of the other parties whose lands were sought to be condemned in the same proceeding and for the same street were personally notified, and hence it fails to show whether the proceeding eventuated in the legal establishment of the street, and yet the proceeding was entire, and so was the object of it. If as to any of the parties no valid street was laid in consequence of the want of proper notice to any of the land owners, it is difficult to see how the street can be regarded as lawfully established as against the relator, so as to compel him to pay the city money for benefiting him by the establishment of the street.

This objection in regard to the notice we think cannot be overcome, and we do not stop to inquire whether, if all the land owners had appeared to have been personally served, the defect in the publication would or would not have been fatal, although there is much reason for claiming that the charter imperatively requires notice to be given by publication in all cases. The other questions become immaterial.

The proceeding, so far as it affects the relator, must be quashed, and he will recover his costs.