COMMON COUNCIL OF THE VILLAGE OF HOUGHTON v. HURON COPPER MINING CO. ET AL.

*Condemnation proceedings—Evidence of title—Jury.*

1. Where the title to land is involved, a deed that has been executed to a party after he has closed his case is inadmissible to remedy a defect therein.

2. In condemnation proceedings for a single purpose all persons who must at any time be made respondents, should be brought in so as to be heard before the same jury ; the proceeding is indivisible.

3. The jury in condemnation proceedings brought by a municipality should be chosen from the body of the county and not merely from the township or village interested in the condemnation.

4. Proceedings by a village to condemn land outside of its jurisdiction are unlawful unless the village charter expressly gives the power to do so: the General Act (124 of 1883) does not permit it.

Certiorari to Houghton. (Williams J.) April 29.—Sept. 29.

Condemnation proceedings.   Respondent brings error. Dismissed.

Village Attorney *T. M. Brady* and *T. L. Chadbourne*, for petitioner.

*Chandler, Grant & Gray*, for respondent appellant.

SHERWOOD, J.   The common council of the village of

Houghton, on the 12th day of April, 1884, filed a petition in the circuit court for the county of Houghton to condemn for the use of the village, and to supply the village and its inhabitants with water, a piece of land having upon it a spring, and certain rights of way over it and other parties' lands, for a pipe-line between the spring and village limits. The appellant, the Huron Copper Mining Company, was made a party to the petition, with one other land-owner who did not appeal, and two others who were not served with any notice or process, or otherwise proceeded against than by the filing of the petition. The petition was filed and the jurisdiction of the court invoked under the provisions of law contained in an Act of the Legislature entitled " An act to authorize cities and villages to take private property for the use or benefit of the public, and to repeal Act number 26 of the Public Acts of 1882" (see Pub. Acts 1883, p. 115); and the petitioner also showed to the court that it desired to and should, in addition thereto, "avail itself of the provisions of law contained in How. Stat. §§ 3090–3109, and of any and all the laws of the State of Michigan applicable to the premises." The petition further described the land desired to be taken, the nature and extent of its proposed use, and claimed that the fee was necessary for the proposed improvement; states that the common council of the village had declared the proposed public use and improvement necessary; "also had declared that they deemed it necessary to take the private property described for such improvement for the use and benefit of the public;" and further asked that a jury be summoned and impaneled to ascertain and determine the necessity to take the property described for the use and benefit of the public aforesaid, and to determine the just compensation to be made therefor.

Summons was issued in accordance with the prayer of the petition, and served on the 12th day of May following, upon the defendants the Huron Copper Mining Company and the Dacotah Mining Company. The Huron company appeared and moved to quash the proceedings, for the following reasons :

1. Because Act No. 124 of the Session Laws of 1883, under which the petition in this case is filed, is unconstitutional in these respects, viz.:  (*a*)  The title of the act only allows condemnation inside the city or village, and does not allow the condemnation of lands outside the city or village limits.  (*b*) The act provides for the summoning of a jury to condemn property within the city or village limits, only from the city or village.  (*c*) As to property outside the village limits, the act provides for the summoning of a jury · from the vicinity of the property to be taken.

2. Because neither the charter of the village of Houghton nor any statute of this State authorizes the common council of said village to take or hold property outside of their corporate limits for obtaining and securing a supply of water.

The motion of defendants' counsel was denied, and in the entry of the order denying the motion the following order was made by the court for obtaining a jury :

" It is further ordered, pursuant to the prayer of said petitioner, no sufficient cause to the contrary being shown, that the sheriff of this county make a list of twenty-four freeholders, residing in the vicinity of the property in the petition described, from which to strike a jury for the hearing of said petition as against said respondents, and that the attorneys of said petitioners and said respondents respectively, attend at the office of the clerk of this court on the first day of July, 1884, at ten o'clock in the forenoon of that day, for the purpose of striking such jury, and that the sheriff, under-sheriff, or deputy-sheriff have then and there such list of freeholders, and that when such jury shall have been struck, the clerk of this court issue, under the seal of this court, a venire summoning such jury to attend this court on the fifth day of July, A. D., 1884, at nine o'clock in the forenoon of that day, which venire shall be served by said sheriff."

Thereupon the respondent's agent made and filed in the case an answer, setting forth that the spring is situated but a short distance from the respondent's stamp-mill, which is but a mile from the village ; that it obtains its supply of water for the mill from a pond, which is insufficient in quantity and quality for its business ; and that it had already commenced preparations for the purpose of utilizing the water of the

spring for its boilers at its mill, and it cannot obtain water elsewhere for the purpose except at great expense, and the spring will soon become a necessity in its business ; that the spring will not afford a sufficient supply for the use of the village ; that a supply can be obtained elsewhere for the village, at very little, if any, greater expense to the village ; that the taking is not necessary for public use ; that the reasonable compensation therefor would be an amount sufficient to enable the respondent to obtain an equal supply of good water from other sources, and re-asserting the reasons given why the proceedings should not be further prosecuted, stated on the motion to quash.

The sheriff thereupon, after having taken an oath for the purpose, made a list of the names of twenty-four persons from which to select a jury in the case, and the respondent, the Huron Copper Mining Company, by its agent, refusing to strike six names from the list, the court did so for it. The petitioner then struck off six, and the remaining twelve constituted the jury by whom the case was tried.

Counsel for respondents, before the same were sworn, challenged the array of jurors for the reason they were not summoned from the vicinity of the property or body of the county. The facts were made to appear that they were all taken from a single township, and all but one taken from the village of Hancock, in that township, where the subject of water supply for that village and others had been freely discussed with a strong feeling in favor thereof, and in which discussion several of the jurors had taken an interest. The court overruled the motion, and exception was taken, and the case was ordered to trial.

None of the rest of the property necessary to be obtained had been secured, or proceedings taken for its condemnation. The deeds offered for that purpose came too late[1], and should have been ruled out. Testimony was taken upon the trial by both parties, upon the conclusion of which, under the charge given by the court, the jury returned a verdict that

---

[1] These deeds were executed to petitioner after he had closed his case.

it was necessary to take said premises for the use and purposes described in said petition, and assessed the damages of the said respondent, the Huron Copper Mining Company, at the sum of $754. This finding of the jury was confirmed by the circuit judge on the 5th day of August thereafter.

The four pieces of property mentioned in the petition all lay outside the corporate limits of the village of Houghton, and the appellant's parcel was the most remote therefrom. It will be noticed, by a careful reading of the statute, that all the proceedings were had or intended to be had under Act 124, Sess. L. 1883, p. 115. The whole proceeding must stand or fall, find its support or condemnation, under the provisions of that act. The sections of our laws found in Howell's Statutes, to which counsel for the petitioner has referred us, cannot be relied upon to aid the jurisdiction of the court in the case or to give warrant for the proceedings taken. Section 3090 does no more than to authorize the raising of money to pay for property taken and improvements made in cases when the same has been legally done. How. Stat. § 3109, says the act therein referred to "shall apply to all cities and villages," but it can have no application to any proceedings not taken under the act. We must, therefore, lay aside all the statutes except that of 1883 in the consideration of the case in hand.

Counsel for the respondent, at the close of the trial, asked the court to charge the jury :

"1. The lands of the respondents, the Huron Copper Mining Company, and the Dacotah Mining Company, which the petitioners in this case seek to condemn for the benefit of the village of Houghton, are situated outside the limits of the village. Neither the charter of the village of Houghton, nor any statute of this State, gives to the petitioners the right to take and condemn lands outside of the corporate limits of the village. You are therefore instructed to find a verdict for the respondents.

2. These lands, which the petitioner seeks to condemn, are not the only lands necessary and requisite for the use of the village in obtaining water from the spring described in the petition. In order to utilize said spring, the petitioners must obtain the use of other lands in order to reach the vil-

lage of Houghton. They have not obtained such lands by agreement, and have not proceeded against the owners of such lands, although they made them parties in their petition. This proceeding is an indivisible one, and all the owners of the lands, the use of which, or the title to which, it is necessary to obtain in order to make the water available, must be made parties to the suit; and all must be before the court at the same time, in order that the same jury may pass upon the necessity of taking and condemning their lands. You are therefore instructed to find a verdict for these respondents.

3. The petitioners have not shown any proceedings taken by them to obtain, by agreement or condemnation, land within the village limits for water purposes, nor that they have or own any such land for such purposes. In order to enable the jury to pass upon the necessity of taking lands outside the village limits, the petitioners must show that they have the necessary lands and facilities within the village in order to utilize the water taken from outside. The petitioners not having shown this, you are instructed to find a verdict for these respondents.

4. The petitioners have made no such case against these respondents as entitled them to a condemnation of their lands described in the petition. You are therefore instructed to find a verdict for the respondents.

8. The title of Act No. 124 of the Public Acts of the State of Michigan for the year 1883, under which the petitioners in this case have proceeded, only allows condemnation of lands within the city or village limits, and that portion of said act purporting to authorize cities and villages to take and hold lands or property outside of their corporate limits is unconstitutional and void. You will therefore find a verdict for the respondents.

9. The petitioners have not shown any authority conferred upon them by a vote of the inhabitants of the village of Houghton to take these proceedings, and therefore your verdict must be for the respondents."

To the refusal of which to give each and every of said requests, this respondent then and there duly excepted.

These exceptions and the reasons stated in the respondent's motion raise all the questions in the case requiring our consideration. The proceeding was one to condemn land containing a spring of water and a strip of land twenty feet

wide for a right of way over which to conduct the waters. The land and spring were of no use for the purposes sought without the right of way over the other respondent's lands. The entire right of way was rightly, therefore, included in the petition and asked to be condemned in the proceeding. The object was entire, as much so as in the condemnation of land for a highway, and the proceeding should have been had against all the owners at the same time ; all should have had the notice required by the statute and the opportunity to have been heard before the same jury, and the privilege of participating in selecting and impaneling the same. This was not done. The petitioner proceeded upon the theory that it could have as many juries as there were different pieces of property belonging to different owners in the case to be condemned. I do not think the Legislature ever intended such a construction, or such expense and confusion as such a practice would be likely to entail upon the parties. The consequences which might follow forbid such construction, some of which are suggested by respondents' counsel in their brief and argument, wherein he says if the petitioner's theory upon the subject is correct, then one jury might hold that there was no necessity for introducing water into the village, while another jury might hold that there was ; one jury might find that one piece of land was necessary, while the next might find that the intervening piece, without which the first piece would be of no use, was not necessary ; one jury might be in favor of taking water from one place, another jury from another place. The bare statement of the proposition demonstrates its absurdity. Public policy will not permit such a multiplicity of suits, especially where such evil results might follow. The jury must pass upon the necessity of obtaining a supply of water, and then upon the necessity of taking each parcel of land sought to be condemned for that purpose. I think such a proceeding is indivisible, and the same jury in the same case should decide as to all. *Brush v. Detroit* 32 Mich. 43. I think the court should have given the respondents' second, third and fourth requests.

In selecting the jury the sheriff took them all from a single township, and all from a village where the subject-matter of the petition had been discussed freely with some apparent bias. As the testimony tended to show there was good reason for believing some might be biased, the challenge to the array should have been sustained; the jury should have been summoned from the body of the county. Large property interests are frequently at their disposal in this class of cases, and great care and circumspection should be observed in their selection. The requirements of the statute must be strictly complied with. *Convers v. Grand Rapids & Indiana R. Co.* 18 Mich. 467; *Swart v. Kimball* 43 Mich. 448; *Powers' Appeal* 29 Mich. 504.

There is nothing in the charter of the village of Houghton authorizing these proceedings to be taken. The Act of 1883 does not authorize them. The provisions of that act are confined to condemning land within the municipality. Section 20 of the act reads as follows: "The cities and villages of this State, *authorized* to take or hold land or property *outside* of their corporate limits for obtaining and securing a supply of water to the municipality, or for any other public purpose, may take private property therefor, provided it is for the use or benefit of the public. * * * " By this provision the Act itself limits its application to cities and villages authorized to take and hold lands outside of their corporate limits under their charters. It is entirely unnecessary to consider the constitutionality of the Act, so long as its provisions do not apply to the case under investigation. I know of no statute, general or special, in force at the time this petition was filed, authorizing by its expressed terms the prosecution of the proceedings under the theory of the petitioner's counsel, and certainly the powers of the village of Houghton so to do cannot be implied, because by the proceedings it is proposed to take land against the will of the respondent. Dill. Mun. Corp. § 469; Cooley's Const. Lim. 528–541; *Kroop v. Forman* 31 Mich. 144; *Detroit Sharp Shooters' Ass'n v. Highway Com'rs* 34 Mich. 36;

*Powers' Appeal* 29 Mich. 504; *Specht v. Detroit* 20 Mich. 168.

I think the proceedings in this case are without the authority of law, and the order entered, affirming the finding of the jury, should be vacated, and the

Petition dismissed with costs.

CAMPBELL, J. concurred.

COOLEY, C. J. I concur in the result.