## Michael Kundinger v. The City of Saginaw.

| | |
|---|---|
| 59 | 355 |
| 61 | 14 |
| 59 | 355 |
| 82 | 555 |
| 59 | 355 |
| 107 | 632 |

*Condemning land for street opening purposes—What interest of juror disqualifies—Distinct parcels, owned by different owners, may be condemned by the same jury—Public necessity must be first determined—Personal service on property owner required—Right to appeal, a statutory one—Challenge for cause.*

1. In proceedings under a city charter for laying out and opening a street and taking private property therefor, a juror specially interested in having such street laid out and opened by reason of some special gain or convenience which he expects to derive therefrom is disqualified and may be challenged and rejected for cause.

2. Neither the constitution nor the charter in question contemplates or requires more than a single jury to pass upon the questions involved in condemnation proceedings, within the vicinage of which such jury is impaneled, and the manner of obtaining it is a matter of legislative discretion.

3. It is not a valid objection that the charter under which the condemnation proceedings are carried on, permits separate parcels of lands owned by different persons to be condemned by the same jury.

4. In the exercise of this power of eminent domain, the corporate authorities can take no more land or private property than the public need requires for the purposes of the street sought to be opened; and in such a case the jury must first determine whether the public necessity requires the proposed street for use as a street, by the public generally.

5. The charter of the city of Saginaw is fatally defective in not providing for personal service of notice of condemnation proceedings upon resident owners of property sought to be taken, where such service can be had within the municipality.

6. The right to appeal from one tribunal to another is a statutory, and not a constitutional right.

7. The right to a challenge for cause exists in all cases where the jury impaneled is a common law jury, of which right a party cannot be deprived by statute.

Certiorari to city of Saginaw.   Argued January 7, 1886. Decided January 27, 1886.

Proceedings quashed.   The facts are stated in the opinion.

*Trask, Grout & Smith*, for plaintiff in error :

The charter fails to provide for personal service of notice of condemnation proceedings on resident property owners to be affected thereby, hence is unconstitutional : *Seifert v. Brooks*, 34 Wis. 443 ; *State ex rel. v. Fond du Lac*, 42 Wis. 298 ; where the charter requires compensation to be agreed upon if it can be, personal notice is contemplated : *Peoria R. R. Co. v. Warner*, 61 Ill. 52 ; *Boonville v. Ormrod's Adm.* 26 Mo. 193, and a statute requiring viewers to hear evidence implies a notice to all the parties: *Skinner v. Lake View Avenue Co.* 57 Ill. 151.

*Frank E. Emerick*, for defendant in error :

The objection that the charter fails to require that the jury shall be composed of persons not interested in opening

the street, involves a question of polity only, and an impolitic or inexpedient statute will not be for that reason held unconstitutional or void; *People v. Gallagher*, 4 Mich. 244; *Sears v. Cottrell*, 5 Mich. 251; *Tyler v. People*, 8 Mich. 320; *People v. Mahaney*, 13 Mich. 481.

Notice was given as required by statute and this being a proceeding in rem. such notice is sufficient: Cooley Con. Lim. 402–3; Cooley on Taxation, 334. Officers are prohibited from acting in official matters in which they have a personal interest, and when they have acted without any objection or showing that they are so interested, the court will presume they have acted in compliance with the law: *Perkins v. Nugent*, 45 Mich. 156; *Cuming v. Grand Rapids*, 46 Mich. 150.

If a party summoned appears and takes part in the proceedings for which he is called and makes no objection, proof of service of notice or even that the notice is defective is immaterial: *Stone v. Welling*, 14 Mich. 514; *Burson v. Huntington*, 21 Mich. 415; *Manhard v. Schott*, 37 Mich. 234; *Slattery v. Hilliker*, 39 Mich. 573.

CHAMPLIN, J. This writ was sued out for the purpose of obtaining a review of the proceedings had by the city of Saginaw in laying out, opening a street in that city, and taking private property therefor, including therein the property of plaintiff in error. He claims (1) that title 4 of the charter, being local act No. 227 of the Laws of 1883, under which the condemnation proceedings were had, is null and void for eight reasons:

"(1) It nowhere requires the jury who are to condemn the land to be composed of parties not interested in opening the street. A juror has simply to swear that he is not interested in the property taken. He may have a strong interest in opening the street, and yet he can sit as one of a tribunal to decide upon the necessity for the street."

We do not perceive any foundation for this objection. The property owner is entitled to an impartial, as well as a disinterested jury; and a juror who is specially interested in having the street opened by reason of some special gain or convenience to him, which he expects to derive more than the community generally, is disqualified, and may be challenged and rejected for cause.

" (2) It assumes to bunch together in one suit or proceeding the separate interests of any number of parties, some of which parties may be and frequently are hostile to one another."

" (3) It deprives the parties whose lands are to be taken of all choice in the selection of the jury, by requiring all the parties to agree upon the six names 'which they have a right to strike off, and, in default of such agreement, authorizes the agent of the city to strike off six names.' "

These two objections may be considered together. While proceedings against separate interests may appear somewhat incongruous, and the obtaining the jury sometimes perplexing, through the diversity of interests of the parties, yet all substantial rights are secured by the law, and it has not been found in practice to be so objectionable as appears upon the face of the objection. The jury, in determining the necessity of taking a single parcel of land, must first determine whether the public necessity requires the proposed street for use as a street, and in doing so must consider the proposed improvement as a whole, and determine whether a necessity exists for the use of such street by the public generally. And in passing upon this question the jury would determine whether the corporate authorities were endeavoring to take more land or more private property than the public need required for the purposes of a street, and, if so, they would determine against the necessity ; for the right to condemn is limited by the public necessity for street purposes. If they find in the affirmative upon this question, they then proceed to particulars, and inquire and determine whether the land described of the individual is required to be taken for such public use, and, if so, they must determine and award the damages and compensation to which he is entitled for taking such land for such purpose.

It is not perceived that any difficulty can arise in the same jury making the inquest upon each parcel of land taken. The evidence introduced is separate in each case, and pertains to the parcel under consideration. Indeed, it would be practically impossible to open a street if there were to be as many juries called as there were separate owners of prop-

erty to be taken. The conclusions at which juries arrive
from evidence are incapable of being estimated with mathe-
matical certainty, and different jurors, from the same evi-
dence, may reach different conclusions; and while one jury
might determine in favor of the necessity for the public use
another might determine the question in the negative. We
think neither the constitution nor the statute contemplates
or requires more than a single jury to pass upon the ques-
tions involved in condemnation proceedings within the
vicinage of which such jury is impaneled, and the method
of obtaining it is a matter of legislative discretion : *Hough-
ton Common Council v. Mining Co.* 57 Mich. 547; *Brush
v. Detroit*, 32 Mich. 43.

" (4) It does not require any personal notice to be served
on the owners of the land, even though they reside in the
city."

The charter provides that whenever the common council
shall, by resolution, declare that it is necessary to lay out
and establish a street across private property, the resolution
shall describe with reasonable certainty the lands it will be
necessary to take or cross therefor, and shall fix a time
and place when and where the council will treat with the
owners of such lands for the right of way across the same.
The controller shall cause a written or printed copy of such
resolution, with a notice calling attention thereto, to be
posted on or near the lands required, and also in three pub-
lic places in the city, at least ten days before the time fixed
in such resolution. If the city fails to agree with the
owners for a release of the right of way, the council may
direct the city attorney to apply to a justice of the peace to
impanel a jury, and he is required to give notice of the
intended application by publishing the same in some news-
paper, printed and circulated in said city, once a week for
three successive weeks, before the time fixed for making the
application. These are all the notices of the proceedings
which the statute by its terms requires.

Proceedings to acquire private property for the public
use are essentially adversary, and notice of some kind is

essential to their validity. The right of eminent domain is recognized in all governments over civilized communities, whatever their form. It attaches as an incident to every sovereignty, and constitutes a condition under which all private property can be held. It is paramount, and, wherever the public necessity requires its exercise, the rights of the individual must yield. In this State the constitution provides that, when private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of the property, or by not less than three commissioners, appointed by a court of record; and in cities and villages private property shall not be taken for public improvements without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders, and actually paid or secured in the manner provided by law. The constitution does not mention what notice shall be given, or in what manner the proceedings shall be carried on. It merely declares the tribunal and the questions it shall determine. It implies that notice shall be given in some form, for it specifies a tribunal to pass upon questions of necessity and compensation, questions which are judicial in their nature, and therefore imply time and place of hearing and notice thereof to the owners of the property intended to be taken.

Numerous cases have held that the manner of giving such notice, and whether it should be by personal service, or by posting, or by publication, or by combining two or more of these methods, is a matter of legislative discretion; and if such notice is given as the statute requires, it is sufficient: *Wilson v. Hathaway*, 42 Ia. 173; *Owners of Ground v. Mayor, etc.* 15 Wend. 374; *Harper v. Lexington, etc. R. Co.* 2 Dana, 227; *Stewart v. Board of Police*, 25 Miss. 479; *Cupp v. Board of Com'rs*, 19 Ohio St. 173.

It must be conceded that proceedings to condemn land for the public use are not according to the course of the com-

mon law, but more in the nature of inquisitions, and the formalities of process and proceedings of common-law courts are neither essential, nor in many respects applicable to them.

I think that personal service, in cases where it can be had, is quite desirable, and the legislation in this State, whenever it has authorized the exercise of the right of eminent domain by municipal or other corporations, has almost uniformly required it. Such was the requirement under the general plank-road law, enacted in 1851, the year after this provision of our constitution was adopted. It was also required by the provisions of the general railroad law, the highway and drain laws, as it is also in the general law for the incorporation of cities and of villages. I do not remember to have seen a charter of a municipal corporation existing under grant of corporate powers by the Legislature of this State, with the exception of the one now before us, that does not require personal notice to the owner, in case it can be had within the municipality. This uniform course of legislation is entitled to great weight in giving construction to the constitutional provisions under consideration, and the proceedings thereunder to acquire property against the consent of the owner. The point was directly passed upon in the case of *State v. City of Fond du Lac*, 42 Wis. 298, by the supreme court of Wisconsin. In that case the charter of the city provided for notice by publication, and no provision was made for personal service upon resident owners. The court said :

"But we think the proceedings were fatally defective, because the charter makes no provision for giving a proper notice to the owner of the time and place for the appointment and meeting of the jury which determines the necessity of taking his property. Where the owner is known, and lives, or has an agent or tenant living, within the municipality, a personal notice of these steps is essential, and must be given, or the proceedings will be void. Where the owner is unknown, or is a non-resident, notice by publication may be sufficient."

And the court refers to *Seifert v. Brooks*, 34 Wis. 443, as a direct authority in point, and the court further adds:

"The owner of the land proposed to be taken, when known and living within the city, should have personal notice of the time and place of the appointment of the jury, and when they will meet to view the premises, in order that he may object to the selection of any unfit person on the jury, and have a full opportunity to be heard before them on the question of necessity. In so important a matter as depriving a citizen of his property, every act or step in its nature final should only be done or taken after personal notice to him, where such notice can be given."

This conclusion seems to result from the inherent nature of the constitutional provisions relative to taking private property for public use, against the consent of the owner, coupled with the requirements of natural justice and a due regard to the protection of the rights of property. As was said by Chief Justice Dixon, in *Seifert v. Brooks*:

"Of what value is the constitutional guaranty that 'no municipal corporation shall take private property for public use, against the consent of the owner, without the necessity therefor being first established by the verdict of a jury,' if the owner of the property is to have no notice of the time and place of the meeting of the jury to inquire into and determine upon the necessity?"

This notice, the later case above cited held, should be a personal notice to such owners who were known and resided in the city, and service could be had upon them. The recent act No. 124 of 1883, providing for taking private property for public improvements in cities, also requires personal notice to be given to the owner.

In view of this legislation, running over the space of thirty-five years, amounting to a practical construction by the Legislature of the constitutional provisions, and the cogent reasons which exist for such construction, we must hold that the charter is fatally defective in not providing for personal service upon known owners, if residing in the city, and service can be had upon them. In *Swan v. Williams*, 2 Mich. 442, it was held that whether the law did or did not

require notice, it was contemplated that notice should be given to the owner for the reason that it authorized him to assist in drawing a jury. When, however, the statute speci- fies what notice shall be given, and does not include per- sonal notice, it excludes that method, and renders the statute invalid.

"(5) It does not require the officer who prepares the jury list to file any affidavit that he is not interested in said street, and it does not authorize or require the justice or anybody else, to examine the officer under oath as to his interest in the street, or to certify in his return that he is not interested therein."

The statute requires the marshal, or if he be interested in the matter of the street, or unable to act, then some constable of the city not interested therein, to prepare and write down the list of freeholders from which the jury is to be obtained. The statute is not void on account of the objections stated above. It is not essential to its validity that the officer should make affidavit that he is not interested. If he acts, the presumption arises in favor of the validity of his acts.

"(6) It assumes to give a right to the city to speculate on the verdict of the jury, and gives no corresponding right to the property owners, in this, that it gives the city the power to abandon all proceedings at any time within thirty days after the report of the proceedings is made to the common council, and that, too, without making any com- pensation or any recompense for costs and expenses to the property owner."

As the city has not abandoned these proceedings, the question of the validity of that clause of the charter author- izing them to do so does not arise upon this record, and will not be determined now. Whether valid or not, it does not affect the validity of the other provisions of the law.

"(7) It gives no right of appeal to the property owner so that he can have his right reviewed in a court of common- law jurisdiction."

This objection is without weight. The right to appeal from one tribunal to another is a statutory, and not a consti-

tutional right: *Kramer v. Cleveland, etc., R. Co.* 5 Ohio St. 147.

" (8) There is no provision whereby the property owners can challenge for cause either the original twelve left on the list, or the talesmen who may be summoned."

It is not necessary that the statute should contain a provision that a challenge for cause may be allowed. It exists in all cases where the jury impaneled is a common-law jury, and a party cannot be deprived of this right by statute.

Several objections are alleged to the proceedings of the council under the charter, which it is unnecessary for us to pass upon; as we hold that the charter is fatally defective in not providing for personal service of notice upon resident owners of property sought to be taken, where such service can be had within the municipality.

The proceedings must be quashed, set aside, and held for naught. The plaintiff will recover his costs.

The other Justices concurred.