CITY OF DETROIT v WEBER

1. TRIAL—SEPARATE TRIALS—MOTIONS—CONVENIENCE—DISCRETION—
PRETRIAL SUMMARY—COURT RULES.

Denial of one property owner's motion for a separate trial in a
condemnation proceeding involving numerous parcels of land
was not an abuse of the trial court's discretion where separate
trials would not have been more convenient since the parties,
witnesses and proofs were nearly identical, where the motion
was not made until just prior to presentation of the property
owner's proofs, and where there was no manifest injustice; the
pretrial summary controls the subsequent course of the litiga-
tion unless modified at or before trial to prevent manifest
injustice (GCR 1963, 301:3, 505.2).

2. EMINENT DOMAIN—CONDEMNATION—PROCEDURE—PETITION—JURY
—STATUTES.

The statute regulating condemnation of private property for
public use indicates that, when numerous parcels are being
condemned in one area, only one condemnation petition needs
to be filed, that all property owners in the affected area should
be included in the petition, and that one jury may decide if the
taking is necessary and, if so, may determine just compensa-
tion.

Appeal from Wayne, George E. Wicklund, J.
Submitted May 12, 1975, at Detroit. (Docket No.
20266.) Decided July 21, 1975.

The City of Detroit, plaintiff, petitioned for the
condemnation of land owned by Richard S. Weber
and other defendants. Judgment of condemnation
and compensation granted. Defendants appeal. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 7–24.
[2] 27 Am Jur 2d, Eminent Domain §§ 375–381.

*Elliott S. Hall,* Corporation Counsel, and *Ronald R. Sogge,* Assistant Corporation Counsel, for plaintiff.

*Richard B. Kramer* (by *Garry I. Borin),* for defendants.

Before: T. M. Burns, P. J., and M. F. Cavanagh and O'Hara,* JJ.

T. M. Burns, P. J. On July 18, 1973, plaintiff City of Detroit filed a complaint seeking condemnation for public purposes of approximately 31 separately owned adjacent parcels of land.[1] The plaintiff requested the empanelling of a jury to determine: (1) whether it was necessary to make the proposed public improvements, to wit, a cultural science center, in the municipality; (2) whether it was necessary to take the described private property for the use and benefit of the public; and (3) the just compensation to be made for the property proposed to be taken and to whom same should be paid.

A pretrial conference was held on January 11, 1974. The settled record indicates that the question of consolidation or separate trials was not raised or expressly waived by any party at the pretrial conference. The matter was scheduled for trial on March 5, 1974, and a jury was empanelled that day.

On March 8, 1974, defendants moved for a separate trial before any proofs had been offered as to their parcel. This motion was denied and the plaintiff proceeded to offer the testimony concerning parcel 20 and others. Closing arguments were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The defendants herein are the owners of parcel 20.

made and the jury was instructed on March 26, 1974. On March 29, 1974, the jury returned its verdict in favor of condemnation. As to parcel 20, the jury returned a verdict of $34,000.

Defendants filed a motion for new trial on April 8, 1974. An order denying said motion for new trial was entered on April 23, 1974. On April 25, 1974, the circuit court entered an order confirming the judgment of the court and the March 29, 1974, jury verdict. From the order denying their motion for new trial and the entry of judgment, defendants appeal as of right.

Defendants claim on appeal that they were denied a fair trial by the trial court's denial of their motion for a separate trial. They contend that the trial court abused its discretion in refusing to grant them a separate trial pursuant to GCR 1963, 505.2. That rule provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues."

In *Nanasi v General Motors Corp,* 56 Mich App 652, 662; 224 NW2d 914 (1974), this Court stated:

"However, as the Supreme Court stated in *Peasley v Lapeer Circuit Judge,* 373 Mich 222, 226; 128 NW2d 515 (1964):

" 'Our rule is expressly limited to situations where such orders of separation are required "in furtherance of convenience or to avoid prejudice." It is not a rule for wholesale application to all cases or to all of a particular type or to all in a particular circuit. Rather, the rule is cast in language which indicates clearly that it is designed for selective application to those cases in which the convenience of the parties and the court or

the avoidance of prejudice compels such deviation from our traditional trial practices.' "

In our opinion it would not have been more convenient to conduct separate trials in the case at bar since the parties, witnesses, and proofs are nearly identical, the only exception being that defendants, unlike the other property owners, argued an earlier date of taking. Moreover, defendants cannot now claim prejudice since they failed to ascertain prior to trial whether their theory of the case would be different from that of the other property owners. Furthermore, this Court takes note of the fact that defendants did not request a separate trial at the pretrial conference but waited to file their motion until just prior to the presentation of proofs relative to their parcel. Our court rules provide that the pretrial summary controls the subsequent course of the litigation unless modified at or before trial to prevent manifest injustice. GCR 1963, 301.3. We find no manifest injustice present in the case at bar, and therefore we conclude that the trial court did not abuse its discretion by denying defendants' motion for a separate trial.

To further support our conclusion we need only look to the condemnation act itself. MCLA 213.25; MSA 8.15, provides in pertinent part:

"The public corporation * * * shall make and deliver to its attorney a copy of such resolution * * * , and it shall be the duty of such attorney to prepare and file in the name of the corporation * * * in the court having jurisdiction of the proceedings *a petition* signed by him * * * *The petition* shall state among other things that it is made and filed as commencement of judicial proceedings by the corporation * * * to acquire the right to take private property for the use or benefit of the public, without the consent of the *owners* * * * *The*

*petition* shall ask that *a jury* be summoned and impanelled * * * ". (Emphasis added.)

A careful reading of the above statute clearly indicates that the Legislature intended that only one petition be filed and that all property owners in the affected area should be included in that petition. Furthermore, the statute clearly states that one jury shall be empanelled to determine if the taking is necessary, and, if so, to determine the just compensation to be made therefor. We do not think that the statute contemplates more than one proceeding for the condemnation of lands of different persons in a locality, nor do we believe that the statute requires more than one jury to decide the questions involved in condemnation proceedings within that given locality.[2] The jury in the case at bar could rightfully determine the date of the taking of defendant's property.

Defendants have raised other issues relating to joinder and consolidation. We have examined these claims and have found them lacking in substance. Decisional discussion is, therefore, unnecessary.

Affirmed.

---

[2] For similar statements concerning the predecessor statute *see Detroit & T S L R Co v Campbell*, 140 Mich 384, 398; 103 NW 856 (1905), *Kundinger v Saginaw*, 59 Mich 355, 358–359; 26 NW 634 (1886), and *Chicago & M L S R Co v Sanford*, 23 Mich 418, 428 (1871).