## The Detroit Sharpshooters' Association v. The Highway Commissioners of Hamtramck.

*Condemning lands: Statute to be strictly followed.*  In all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the statute must be strictly followed, and especially must every jurisdictional step, and every requirement shaped to guard the rights and interests of parties whose property is meant to be taken, be precisely observed.

*Highways: Commissioners: Notice of meeting: Application: Jurisdiction.*  The law requiring highway commissioners, in proceedings to lay out a highway, to issue their notice for convening the board within five days after the receipt of the application of the freeholders, a delay of more than a month in taking this step is fatal to their power to proceed on the basis of such application.

*Laying out highways: Notice: Proof of service.*  A written statement by one of the commissioners without date, of the service of notice on owners and occupants, which contains no description of the notice or any date in regard to the time of service, is not sufficient proof of service of the statutory notice required in such proceedings.  Regularly there should

DETROIT SHARPSHOOTERS' ASSOCIATION *v.* HIGHWAY COM-
MISSIONERS OF HAMTRAMCK.

be sworn evidence in writing of the service, made and filed with the
board.

*Submitted on briefs April 12.      Decided April 18.*

*Certiorari* to Highway Commissioners of Hamtramck.

*Otto Kirchner,* for relator.

No counsel appeared for respondents.

GRAVES, J :

On January 22d, 1875, application was made to respondents to lay out a highway in the township, to commence
"at Gratiot road, private claims Nos. 10 and 152, to the
front concession, thence east on front concession, to a line
that leads to Mack street between Nos. 10 and 152;" and
they waited until the 20th day of the succeeding March,
and then issued their written notice of the object of the
application, and of the time and place of meeting by the
board for the purpose of deciding upon the necessity of
laying out the highway asked for, and the appraisal of damages.     The time fixed by the notice was the 24th of March.
At that time the board met and made an order that they
considered and determined that a public highway should be
laid out pursuant to the application, and the order described
the line of the intended way and set forth an appraisal of
damages.     The only evidence of service of notice on owners
and occupants which seems to have been made, was a written statement by one of the commissioners, without date.

And this statement contained no description of the notice, or any date in regard to the time of service.     No other
proof of service is returned.     The relator having brought
up the proceedings by certiorari, now pray that they may be
quashed.

The rule is well settled, that in all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the laws which regulate such
proceedings must be strictly followed, and especially that
every jurisdictional step, and every requirement shaped to

guard the rights and interests of parties whose property is meant to be taken, must be observed with much exactness.

Such has not been done here. The law required the commissioners to issue their notice for convening the board within five days after the receipt of the application of the freeholders.—§ *1253, C. L.* They delayed, however, for more than a month. This was fatal to their power to proceed on the basis of the application. If they could defer issuing the notice for a month after the application, without impairing their right to go on, they could equally defer it for six or twelve months, and thus defeat the plain sense as well as terms of the statute. There are many cases where courts of justice lose jurisdiction on account of failing to take one step within some specified time after another, and the reason for it can never be clearer than in matters like this.

Another difficulty in this proceeding is, that no evidence has been furnished that any notice whatever was served on owners and occupants in due season. The law is positive that it shall be given "at least ten days before the time of meeting."—§ *1253, C. L.* This is very important. Before proceeding to make determination, the commissioners should have been apprised in writing that the notice issued had been served regularly. Because if legal service had not been made, the commissioners were without power to go on and pass upon the application and make appraisal. The law contemplates a hearing on due notice, and not an *ex parte* proceeding. Regularly I should say sworn evidence of service should be made in writing and filed with the board. Where parties actually appear and raise no objection on the score of want of due notice, the case may be different.

There are some other objections to these proceedings, but I do not consider them.

The proceedings must be quashed.

The other Justices concurred.