*In re* WIDENING OF MICHIGAN AVENUE.

ROTT'S APPEAL.

1. EMINENT DOMAIN—INSTRUCTIONS—MEASURE OF DAMAGES.
   Instructions given by court to jury in condemnation proceedings as to method of determining damages *held,* without error.

2. SAME—INSTRUCTIONS—FUNCTIONS OF COURT AND JURY.
   In proceeding to condemn land it was proper for the court to instruct jury that the proceeding was inquisitorial in nature, that the jury was judge of law and fact and that the court acted in an advisory capacity.

3. SAME—COMPENSATION—DETERMINATION OF VALUE—EVIDENCE— JURY'S VIEW OF PREMISES.
   In condemnation proceedings jury is not bound, as to the value of property taken, by testimony of witnesses alone, but may exercise its own judgment, based not only on testimony but on knowledge gained from view of the premises.

4. SAME—DETERMINATION OF VALUE.
   In condemnation proceedings, the determination of value is not a matter of formulas or artificial rules but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case.

5. SAME—FINDINGS—EVIDENCE—APPEAL.
   With respect to damages awarded in condemnation proceedings it is not within province of court to review question further than to see that finding is supported by the evidence and if award is within the evidence, it may not be disturbed on appeal.

6. SAME—REVIEW BY SUPREME COURT IS IN NATURE OF CERTIORARI.
   Review by Supreme Court of award in condemnation proceedings is in the nature of certiorari and such award should not be disturbed unless palpably contrary to the evidence.

7. SAME—SUPREME COURT—FORMULAS FOR DETERMINING VALUE.
   The Supreme Court cannot set up a formula or dictate the method which must be followed by a jury in its determination of value of property taken in condemnation proceedings.

8. SAME—COMPENSATION AWARDED WITHIN TESTIMONY WILL NOT BE
DISTURBED.

    Jury's award in condemnation proceedings which was within the
    minimum and maximum amount of damages shown by the
    testimony and supported by evidence is not disturbed by
    Supreme Court (Const. 1908, art. 13, §§ 1, 3).

9. SAME—PREJUDICIAL REMARKS OF COUNSEL—REHEARING.

    In condemnation proceedings wherein rehearing was sought be-
    cause of alleged prejudicial and unproven statements made by
    city's counsel, Supreme Court is unable to say that such re-
    marks of counsel constituted reversible error where record
    does not contain them, affidavit in support of motion for re-
    hearing does not set forth what the remarks were, and award
    of damages made does not require reversal.

Appeal from Recorder's Court of Detroit; Brennan (John V.), J. Submitted October 22, 1941. (Docket No. 50, Calendar No. 41,596.) Decided December 2, 1941.

Condemnation proceedings by City of Detroit to widen Michigan avenue from Fourteenth to Vinewood avenues. From verdict and award to Joe Rott and others for damage to real estate in an amount claimed to be insufficient, they appeal. Affirmed.

*Joseph S. McDowell,* for appellants.

*Clarence E. Page,* for City of Detroit.

STARR, J. This is an appeal from a jury award of damages for certain property taken by the city of Detroit in condemnation proceedings for the widening of Michigan avenue.

The proceedings were begun October 31, 1939. A jury was impanelled May 17, 1940, and returned verdict September 16, 1940.

Many parcels of property were involved in the proceedings, including the property of appellants

located at the northwest corner of Michigan and Maybury Grand avenues. This property is a peculiar wedge-shaped parcel having a frontage of approximately 52.6 feet on Michigan avenue, 100 feet depth on the west line, 111.89 feet depth on the east line along Maybury Grand avenue, and only 2.6 feet width at the rear line. In the condemnation proceedings the city takes that part of the property fronting on Michigan avenue and extending back 54 feet on the west line and 60.42 feet on the east line and having a rear line width of 25.6 feet. There would remain a wedge-shaped parcel with a Michigan avenue frontage of 25.6 feet, a depth of 46 feet on the west line, and 51.47 feet on the east line, and a rear line width of 2.6 feet.

The city called only one witness, who testified in part as follows:

"There is a two-story brick structure covering the frontage on Michigan avenue. That building extends for a distance of about 83 feet to almost a point. There is a porch that extends the full depth of the main part of the building. The ground floor has a frontage on Michigan avenue and is subdivided. There is a grocery store on the extreme corner. There was a pool room occupying the other part of it, but it is now vacant. There are two flats on the second floor. That building was built in 1886. It has a basement. There is an old brick hot air furnace, which is not in use. It is absolutely worthless in my judgment, after investigation. The building is in bad shape. The flats are occupied. Colored folks are occupying one of the flats and the other is vacant, but they have just rented it, I believe. There is a rear part of that building in very bad shape. Some rooms back there are not used. There is an entrance off the Maybury Grand side.

"*Q.* What is your opinion as to the fair market value of the land and buildings referred to as Parcel No. 40?

"*A.* $6,500.

"*Q.* Now, there will be a remainder of approximately 25 feet of frontage going to a point at the alley, and what in your judgment is the fair market value of that remainder?

"*A.* $650.

"*Q.* Giving a damage to the owners of that parcel of how much?

"*A.* $5,850."

A witness for appellants testified regarding damage to the building as follows:

"From my examination of this building I find that the reconstruction cost would be $20,678.50; that, in my judgment, is what it would take to replace this building in its present condition. The lot on which this building is located is somewhat of an odd shape; it is considerably wider in front than in the rear; it is a corner lot, corner building. I have figured a rate of depreciation of 70 per cent. on this one; this depreciation figures $14,774.95 leaving a present value of $6,203.55. This present value applies to the building only, and is the damage that will be suffered by the owner of the property by reason of these proceedings, so far as the building is concerned. * * *

"*Q.* As to the remainder, would there be any value left after the condemnation goes through?

"*A.* Not of the building.

"*Q.* No value at all?

"*A.* No.

"*Q.* What does the back end consist of?

"*A.* It is part of the west store and the flat. The one flat, the east side flat, is right at the corner and does not go all the way back to the west end, while the west flat goes all the way from the front to the

rear, and also the west store. In my opinion there is no value or just a little left. Those figures I gave show in my opinion the real damage suffered by reason of these proceedings, and would be the damage if the buildings were removed.''

Another witness for appellants testified regarding damage to the land as follows:

''I figured the value on a square-foot basis. $3.50 per square foot is the price I put on it. There are 2,760 square feet at $3.50 per square foot, or a total valuation on the land of $9,660; Now, after taking, there will remain a very small triangular piece which will have 25.6 feet on Michigan, 46 feet on the west line and the same alley front of 2.6 feet; the total area is 649 square feet. On the remainder, due to the small area and peculiar shape, which would make building very expensive and out of proportion, I have reduced the value to $2 per square foot, a total valuation on the remainder of $1,298, which, subtracted from $9,660, leaves $7,362 [should be $8,362]. That, in my opinion, is the fair value of damage suffered by these parties who own the property,—that is, on the land alone. Then you add the damage given to the building of $7,362 [should be $8,362] and you get a total land and building damage of $13,565.55 [should be $14,565.55], which is, in my opinion the amount of damage sustained.''

The jury awarded damages of $6,177.77. Appellants moved for rehearing, which was apparently denied although the record does not indicate order of denial.

Appellants appeal claiming that the trial judge erred (1) in his charge to the jury on the question of damages; (2) in permitting counsel for the city to make prejudicial statements to the jury and in refusing to instruct the jury regarding such state-

ments; and (3) in refusing to grant appellants' motion for rehearing.

To summarize the situation, the witness for the city testified to damages of $5,850; the witnesses for appellants to damages of $14,565.55; and the jury awarded $6,177.77.

We have examined the rather lengthy instructions to the jury and find no error in such instructions on the method of determining damages. The court further properly instructed the jury that:

"It is a proceeding rather in the nature of an inquisitorial or of an inquiry, wherein you, the jury, are both judges of the law and of the fact, and the court in instructing you is acting in an advisory capacity."

In the case of *In re Widening of Bagley Avenue,* 248 Mich. 1, 4, we said:

"The jury may listen to the opinions of witnesses, their estimates of value, and their methods of arriving at the conclusions expressed, but the jury is not bound by the testimony alone; they are to exercise their judgment based not only upon the testimony but their own knowledge gained from a view of the premises. They are not to be interfered with or dictated to by the judge. The jury are judges both of the law and facts. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap,* 47 Mich. 456; *Port Huron & S. W. R. Co.* v. *Voorheis,* 50 Mich. 506; *Grand Rapids, L. & D. R. Co.* v. *Chesebro,* 74 Mich. 466. * * *

"Many technical rules have been promulgated for determining value, none of which are important. The determination of value is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case."

In the case of *In re Widening of Michigan Avenue,* 280 Mich. 539, 549, we said:

"With respect to the damages awarded in condemnation proceedings, it is not within the province of the court to review the question further than to see that the finding is supported by the evidence. *Boyne City, G. & A. R. Co.* v. *Anderson,* 146 Mich. 328 (8 L. R. A. [N. S.] 306, 10 Ann. Cas. 283, 117 Am. St. Rep. 642). If the jury's award is within the evidence, it may not be disturbed on appeal. *In re Petition of the City of Detroit for a Park Site,* 227 Mich. 132. The proceedings before this court to review an award on condemnation is in the nature of certiorari and the award of damages should not be disturbed unless palpably contrary to the evidence. *Flint & P. M. R. Co.* v. *Railroad Co.,* 64 Mich. 350.

In our recent decision in *Re Widening of Michigan Avenue,* 298 Mich. 614, 620, Mr. Justice BOYLES stated:

"Nor can this court set up a formula or dictate the method which must be followed by the jury in its determination of value."

The jury award of $6,177.77 to appellants was within the minimum and maximum amount of damages shown by the testimony and is supported by the evidence. We should not substitute our judgment for that of the jury on the question of damages to the property.

Counsel for appellants contends the trial judge erred in permitting counsel for the city to make prejudicial and unproven statements during the trial and in his closing argument, and in refusing to instruct the jury regarding such statements. Appellants' counsel states in his brief:

"It is to be regretted that counsel for petitioner saw fit to inject into this case elements which had

no bearing whatever upon the valuation, and it is unfortunate that the stenographer was not in attendance during counsel's closing argument, so that his exact words might be placed before this court.''

In motion for rehearing appellants alleged that counsel for the city made ''venomous and discrediting remarks'' about appellants. The affidavit in support of such motion for rehearing does not set forth such alleged prejudicial remarks; and in the absence of proof as to what such remarks were, we cannot say there was reversible error in permitting such remarks or in refusing to instruct the jury regarding the same. Furthermore, any excess of zeal by the city's counsel in presenting its claims to the jury did not, we believe, result in an award of damages requiring reversal. *In re Widening of Michigan Avenue,* 298 Mich. 614.

In view of the conclusions we have reached, the trial judge did not err in refusing to grant appellants' motion for rehearing.

The jury, in their determination and award, did not, we believe, violate the law nor misuse the powers delegated to them by the Constitution of 1908, art. 13, §§ 1, 2.

The award to appellants is affirmed, with costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.