STATE HIGHWAY COMMISSIONER *v.* JONES.

OPINION OF THE COURT.

1. EMINENT DOMAIN—STATUTE—REPORT—TIME.

Failure of commissioners in condemnation proceeding to report its decision and make its awards in accordance with order of court on or before the day limited by the order *held,* to render award invalid, since the provisions of the eminent domain statutes should be construed strictly and the word "shall" given its usual meaning requiring mandatory compliance (CL 1948, §§ 213.183, 213.186).

2. SAME—TIME LIMITS—JUDGES.

Commissioners in condemnation proceeding must make report to trial judge within specific time limits set by the trial judge, as he can more accurately fix the time limit in each particular case (CL 1948, §§ 213.183, 213.186).

3. SAME—CONSTRUCTION OF STATUTES.

Statute placing with trial judge the duty to set forth specific time limits within which the commission in condemnation proceedings should make its report should be construed, if possible, so as to prevent injustice (CL 1948, §§ 213.183, 213.186).

4. SAME—CONSTRUCTION OF STATUTES—JURISDICTION.

Strict compliance with the particular provisions of statute authorizing condemnation proceedings is required, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel (CL 1948, §§ 213.183, 213.186).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6] 26 Am Jur 2d, Eminent Domain § 18.
[2] 27 Am Jur 2d, Eminent Domain § 446.
[7] 27 Am Jur 2d, Eminent Domain § 375 *et seq.*
[8] 27 Am Jur 2d, Eminent Domain §§ 446, 447.
[9] 27 Am Jur 2d, Eminent Domain §§ 446, 447, 471, **472.**
[10] 27 Am Jur 2d, Eminent Domain § 266.
[11] 27 Am Jur 2d, Eminent Domain § 280.
[12] 5 Am Jur 2d, Appeal and Error § 880.

5. SAME—STATUTES—JURISDICTION.

The laws which regulate condemnation proceedings must be strictly followed and every jurisdictional step and every requirement shaped to guard the rights and interests of parties whose property is to be taken (CL 1948, §§ 213.183, 213.186).

6. SAME—CONSTRUCTION.

The construction of jurisdictional provisions of a condemnation statute must be in favor of the landowner.

7. SAME—NATURE OF PROCEEDING—INSTRUCTIONS.

Condemnation proceedings are not inquisitorial matters now that such proceedings are presided over by a judge who is required to instruct the jury or commissioners on questions of law and admissibility of evidence (Const 1963, art 10, § 2; CL 1948, § 213.171 *et seq.;* GCR 1963, 516.5).

DISSENTING OPINION.

QUINN, J.

8. EMINENT DOMAIN—TIME LAPSE—REPORT OF AWARD.

*Failure of commissioners in condemnation proceeding to timely report their decision and make their award would not be violating constitutional rights of landowner merely because of lapse of time between hearing and report, unless the award is shown to be inadequate because of such lapse.*

9. SAME—AWARD—EVIDENCE.

*Commissioners' award in condemnation proceeding which was within the minimum and maximum amount of damages shown by the testimony will not be disturbed by the trial court or the Court of Appeals, unless palpably contrary to the evidence.*

10. SAME—DETERMINATION OF VALUE.

*Determination of value in condemnation proceedings is not a matter of formulas or artificial rules but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case.*

11. SAME—INTENDED USE OF LAND—DETERMINATION OF VALUE.

*Defendants' contention that the commissioners in a condemnation proceeding erred in failing to consider a legal and intended use of land as a trailer park, in determining its value held, not well taken, because, although it seems obvious such use should be considered, the record fails to demonstrate that it was not considered by the commissioners.*

12. Appeal and Error—Questions Reviewable—Evidence.
*Alleged failure of commissioners in condemnation proceedings to consider evidence that appellants were purchasing land adjoining land taken is not before Court of Appeals for consideration, where evidence was not actually introduced.*

Appeal from St. Clair; Kane (Edward T.), J. Submitted Division 2 March 4, 1966, at Lansing. (Docket No. 478.)  Decided October 11, 1966.

Condemnation petition on behalf of the State Highway Commissioner against Thomas P. Jones, Frances Jones, and others.  Award of condemnation confirmed.  Defendants appeal.  Reversed 'and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Robert J. Taube,* Assistant Attorneys General, and *William L. Cahalan,* Special Assistant Attorney General, for plaintiff.

*Paul R. Jackman,* for defendants.

Holbrook, J.  This case involves condemnation proceedings originating in St. Clair County.  The State highway commissioner, appellee herein, held a hearing for determining necessity for taking of part of appellants' property and other contested parcels for improvement of US Highway 25, by order dated May 14, 1962.

August 28, 1962, a petition was filed by appellee in the circuit court requesting an order appointing commissioners to determine damages to be awarded to owners of all the parcels including the land of appellants designated therein as parcel C–7, pursuant to CL 1948, § 213.171 *et seq.*  (Stat Ann 1958 Rev § 8.171 *et seq.*).  On December 12, 1962, the circuit

judge ordered that February 18, 1963, be set for hearing the petition. The hearing was held and court commissioners were appointed by order dated February 18, 1963, which set April 15, 1963, as the date for the first meeting, and further ordered that the commissioners conclude their hearings by August 16, 1963, and make a report of damages awarded no later than August 23, 1963.

The hearings were not completed by the date set by the court, nor was a report made and filed. On September 26, 1963, the court, by written order, extended the time within which the commissioners could conclude their hearings to January 11, 1964, and further ordered that "they shall file with this court a report in writing of their decision and award no later than 4 o'clock in the afternoon on the 18th day of January 1964." This order was made with the acquiescence of the parties and therefore, is not before this court for review. *Stone* v. *Posen* (1945), 310 Mich 712.

The commissioners completed their hearings as to appellants' property on December 6, 1963, but did not make their decision and report to the court until April 23, 1964. On May 4, 1964, appellants filed objections to the confirmation of the report by the commissioners, citing the same reasons as contained in this appeal. The award for damages because of the taking of appellants' property was set at $9,100.

On October 5, 1964, the court made a different order amending the original order of February 18, 1963, appointing court commissioners, extending the time for concluding hearings to April 16, 1964, and reporting date to April 23, 1964. This order was approved by indorsement of several attorneys for their clients, but was not approved either in the record or indorsed thereon by counsel for appellants. On the same date, October 5, 1964, the court or-

dered confirmation of all of the awards reported, including that of appellants.

Defendants Jones appealed and raise the following four questions for review:

"1. Is the trial court obligated to accept the award if it is within the range of testimony?

"2. Should the commission consider a legal and intended use of land applicable to determining its value?

"3. Is the commission obligated to find the total involved in the condemnation take?

"4. Does the inclusion of the subject parcel in a group of 11 contested cases and making an award some 4-1/2 months after testimony was taken on the instant parcel in abrogation of appellants' constitutional rights?" [sic]

We choose to consider the questions raised in reverse order for obvious reasons.

Appellants assert that the failure of court commissioners to make their decision and to report damages to be awarded for 4-1/2 months after hearing the proofs was in abrogation of their constitutional rights.

The controlling statute is PA 1925, No 352, and particularly the following:

"Sec. 13. On the day fixed as aforesaid, the court shall enter the default of all persons interested in the property described who have not appeared, * * * and the court shall also, unless sufficient cause to the contrary be shown, appoint 3 disinterested persons commissioners, herein called court commissioners, whose duty it shall be to appraise the damages to be paid as compensation for the taking of the property described in the petition, in respect to which an appearance is made, for public highway purposes. * * * The court shall fix the time and place for the first meeting of such court commissioners, and require their attendance; it may also authorize the

court commissioners to adjourn their meeting from time to time not later than to a day to be named, and *shall* fix the time for filing their report." (CL 1948, § 213.183 [Stat Ann 1958 Rev § 8.184].)

"Sec. 16. The court commissioners shall appraise the damages to be paid as compensation for each such piece or parcel of property, and *shall* report such decision in writing, signed by them or a majority of them, *at or before the time fixed for that purpose,* but it shall not be necessary for said court commissioners to report on all of such property at one time." (Emphasis supplied.) (CL 1948, § 213.186 [Stat Ann 1958 Rev § 8.187].)

The only effective order of the court required the hearings of the commissioners to be concluded by January 11, 1964 (accomplished December 6, 1963), and also required their decision and report as to awards to be completed by January 18, 1964, (not reported until April 23, 1964). There were several appraisers who testified concerning the appellants' property. At the hearings, the appellants asserted that the highest and best use of the land for the purpose of ascertaining damages was for a trailer court. Appellants had purchased the land for this purpose in 1956, and from that date until 1960, had expended nearly $4,000 to improve the land for trailer park purposes. These claims were contested by the appellee and the facts and the issue raised thereunder were complicated ones for laymen to determine without proper rulings on the evidence and instructions on the law from the court. A just determination of appellants' claims could more readily have been made if accomplished as soon as possible after the conclusion of the commissioners' hearings while the facts and issues were still fresh in mind.

The legislature could not set forth specific time limits within which commissioners should make their reports because of the wide variances and difficulty

which occur between various cases. Instead, this duty was placed in the hands of the trial judge, who can more accurately fix the time limit in each particular case. The statute placing this function with the trial judge should be construed, if possible, so as to prevent injustice. *Zawacki* v. *Detroit Harvester Co.* (1945), 310 Mich 415; *Attorney General, ex rel. Common Council of the City of Detroit* v. *Marx* (1918), 203 Mich 331. The duty of the trial court in setting the time limit, coupled with the duty of the commissioners to report within that time effectuates the important interest of those whose property is being condemned in securing a speedy determination of their claims. Section 13, by reason of the use of the word "shall," required the judge to fix the time for filing the commissioners' report. Section 16, by reason of the use of the word "shall," made it mandatory upon the commissioners to report their decision in writing at or before the time fixed for that purpose. We rule that the provisions of the eminent domain statutes should be construed strictly and the word "shall" be given its usual meaning requiring mandatory compliance. The failure of the commissioners to report their decision and make their awards in accord with the order of the court on or before January 18, 1964, was fatal. We conclude that a minimum requirement would dictate that the commissioners decide and report their findings in accordance with the mandatory provisions of the statute and the order of the court. In *State Board of Education* v. *von Zellen,* 1 Mich App 147, pp 155, 156, we said:

"The law of eminent domain permitting the taking of private property for public use is a harsh remedy and, therefore, the courts have required strict compliance with the particular provisions of the law upon which the action was based.

"In *In re Petition of Rogers* (1928), 243 Mich 517, on p 522, it is stated:

" 'The statute of eminent domain is to be strictly construed, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel.' * * *

" 'And in *Detroit Sharpshooters' Association* v. *Highway Commissioner,* 34 Mich 36, 37:

" 'The rule is well settled, that in all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the laws which regulate such proceedings must be strictly followed, and especially that every jurisdictional step, and every requirement shaped to guard the rights and interests of parties whose property is meant to be taken, must be observed with much exactness.' * * *

" '*The construction must be in favor of the landowner.*' (Emphasis supplied.)"

The appellants have raised several other questions which we deem unnecessary for decision because GCR 1963, 516.5, adopted by the Supreme Court on November 3, 1964, provides: "Condemnation Proceedings. Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence."

Also, Const 1963, art 10, § 2, has eliminated the matter of treating condemnation and eminent domain as an inquisitorial matter. In view of the constitutional provision requiring compensation to be determined in a court of record in a manner prescribed by law, and the foregoing court rule requiring the judge of the court to be present and rule on the evidence and give instructions on the law to the commissioners, we conclude that on rehearing of this matter the other claimed errors asserted by the appellants in the proceedings will not recur.

The order of confirmation is set aside, and the case remanded to the circuit for further proceedings, not inconsistent with this opinion.

Costs to appellants.

McGregor, P. J., concurred with Holbrook, J.

Quinn, J. (*dissenting*). I am unable to agree with Judge Holbrook's opinion in this case. It is my opinion that the result reached by it is neither justified by the language of CL 1948, §§ 213.183 and 213-.186 (Stat Ann 1958 Rev §§ 8.184 and 8.187) nor is it supported by the cases cited. It concludes from the following language in section 213.183: "and *shall* fix the time for filing their report," and from "*shall* report  *  *  *  at or before the time fixed for that purpose," found in section 213.186 that the only effective order that the trial court can make is the first one, unless all parties acquiesce. It then finds the only effective order was the order of September 26, 1963, requiring report by January 18, 1964, and the report filed April 23, 1964, was too late and violated the rights of defendants. It then cites excerpts from *State Board of Education* v. *von Zellen* (1965), 1 Mich App 147, *In re Petition of Rogers* (1928), 243 Mich 517, and *Detroit Sharpshooters' Association* v. *Highway Commissioner* (1876), 34 Mich 36, in support of strict construction of condemnation statutes. Each of the cases cited involved a jurisdictional defect in the proceedings and none is controlling here where a jurisdictional defect is neither alleged nor proved.

It is of interest to note that the point of Judge Holbrook's decision is not raised in defendants' brief nor in their objections in the trial court to the report of the commissioners. Defendants' appeal involves the adequacy of the compensation awarded to them and their argument with respect to the time lapse

between hearing and report is in support of their claim that the award is inadequate, not that the order of October 5, 1964, did not effectively set the report date as April 23, 1964.

The mandatory language, "and shall fix the time for filing their report" contains neither a minimum nor a maximum time. The reason therefor is well expressed by Judge HOLBROOK as follows:

"The legislature could not set forth specific time limits within which commissioners should make their reports because of the wide variances and difficulty which occur between various cases. Instead, this duty was placed in the hands of the trial judge, who can more accurately fix the time limit in each particular case."

I conclude the language of the statute requires the trial judge to set the time of filing the report, but the time is to be determined by him as the circumstances dictate. Mere lapse of time between hearing and report without a showing that the award was inadequate because of such lapse is meaningless and this record does not convince me the award is inadequate. As to the fourth question of defendants, I cannot find any violation of their constitutional rights on this record.

The first question raised by defendants is, "Is the trial court obligated to accept the award if it is within the range of testimony?" The answer is that not only is the trial court obligated to accept such an award but so is the appellate court, unless palpably contrary to the evidence. *In re Widening of Michigan Avenue* (1941), 299 Mich 544. Here the plaintiffs' evidence showed a value of $204 per acre; the defendants' evidence indicated $1,500 per acre; the award was approximately $336 per acre. As was said in *In re Widening of Michigan Avenue, supra,* at page 549,

"The jury may listen to the opinions of witnesses, their estimates of value, and their methods of arriving at the conclusions expressed, but the jury is not bound by the testimony alone; they are to exercise their judgment based not only upon the testimony but their own knowledge gained from a view of the premises. * * * The determination of value is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case."

There is no showing here that the award is palpably contrary to the evidence.

Defendants' second question is, "Should the commission consider a legal and intended use of land applicable in determining its value?" The obvious answer is yes, but again the record fails to demonstrate that the commission did not consider the intended use of defendants in reaching its award.

The final question raised by defendants is, "Is the commission obligated to find the total involved in the condemnation take?" In view of their argument on this point, the question is rather ineptly stated. The order of necessity described a tract of defendants constituting approximately 35.5 acres. At the hearing before the commissioners, defendants sought to introduce evidence that they were purchasing an adjoining 1-1/2 acres on land contract, none of which was touched by the actual taking. Such evidence would be pertinent only to severance damages. Before a ruling was made on the offer of such evidence, a colloquy occurred between counsel and the commissioners during which all acknowledged the vendor of defendants had received no notice of the proceedings and the rights of the vendor could not be litigated without such notice. Receipt of the proffered evidence conceivably could prejudice the whole proceedings. It was suggested defendants reoffer the evidence; this they never did.

They now argue error because the record does not show the commissioners considered the 1-1/2 acres in making the award. On this record, I do not believe the question is before us.

I vote to affirm the trial court.