STATE HIGHWAY COMMISSION v GAFFIELD

Docket Nos. 49557, 51207. Submitted April 23, 1981, at Detroit.—
Decided July 27, 1981.

John B. Gaffield and Charlotte B. Gaffield utilized a portion of the
land upon which their residence was located for outdoor pho-
tography in conjunction with a photographic studio which they
owned and operated at another location. The State Highway
Commission brought an action for condemnation of the prop-
erty, and made an offer of compensation which the Gaffield's
considered inadequate. The Gaffields claimed that they should
be compensated for the going-concern value of their property as
a business use in addition to its value solely as a residence. The
Wayne Circuit Court, Theresa Doss, J., ruled that the Gaffields
could not submit evidence of the going-concern value of the
property to the jury in its determination of the amount of the
condemnation award. Subsequently, the parties settled and a
consent judgment was entered, preserving the issue of the trial
court's denial of the submission of the evidence of the going-
concern value. The Gaffields appeal. *Held:*

Going-concern value may be awarded for a business operated
on real estate being condemned only under circumstances in
which it is necessary in order to fully compensate the owner,
where it is not redundant of other damages awarded and where
the business has been totally destroyed. These circumstances
were not present in this case. Therefore, damages for the going-
concern value of the Gaffield's residential property were not
applicable, and the trial court's refusal to allow evidence of the
going-concern value was not an abuse of discretion.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur 2d, Eminent Domain § 287.
Goodwill as element of damages for condemnation of property on
which private business is conducted. 81 ALR3d 198.
"Going concern" or goodwill value as element of lessee's compensa-
tion for taking leasehold in eminent domain. 58 ALR3d 566.
[3] 27 Am Jur 2d, Eminent Domain §§ 279, 280.
[4] 27 Am Jur 2d, Eminent Domain §§ 471, 472.

1. EMINENT DOMAIN — CONDEMNATION — GOING-CONCERN VALUE.

Generally, no compensation will be allowed for the goodwill or going-concern value of a business operated on real estate being condemned.

2. EMINENT DOMAIN — CONDEMNATION — GOING-CONCERN VALUE.

Going-concern value may be awarded for a business operated on real estate being condemned if it is necessary in order to render the compensation full, if it is not redundant of other damages awarded and if the business has been totally destroyed by the taking.

3. EMINENT DOMAIN — CONDEMNATION.

The normal method for determining a condemnation award is to use the market value of the property; the highest and best use to which land may be put is the test to be used to determine the value of the land.

4. APPEAL — EMINENT DOMAIN — CONDEMNATION.

An award in a condemnation proceeding will be reversed on appeal where prejudicial, inadmissible testimony was received and acted upon by the jury, or where competent testimony going to the merits was excluded which if admitted would have changed the result.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso,* Assistant Attorney General (by *Harvey R. Dean,* Special Assistant Attorney General), for petitioner.

*Draugelis, Ashton & Scully,* for respondents.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

N. J. KAUFMAN, P.J. Respondents' residential property was condemned by plaintiff Highway Commission. Respondents, at times, utilized the backyard of their residence for environmental photography in conjunction with a photographic studio which they owned and operated in down-

town Plymouth, approximately 1.3 miles from the condemned property.

Respondents claimed that they should be compensated for the "going-concern" value of their property in addition to its value solely as a residence. The trial court ruled, as a matter of law, that respondents could not submit evidence to the jury of the going-concern value of their residential property in determining the amount of the award to be made in the condemnation proceedings.

In an amended default judgment and consent judgment of April 14, 1980, the parties settled for $88,000 while preserving the issue of the trial court's denial of the submission of evidence concerning the going-concern value.

The general rule is that no compensation will be allowed for the goodwill or going-concern value of a business operated on real estate being condemned. *State Highway Comm v L & L Concession Co,* 31 Mich App 222, 229; 187 NW2d 465 (1971).

In the instant case, it is undisputed that the primary use of respondents' property is residential. It is a home in a neighborhood which is zoned residential. Respondents' photography studio is located in downtown Plymouth, and the major portion of their business is conducted at this studio. Apparently, they brought clients to their residence during a few months of the year and used their backyard as a setting for outdoor photographs.

If this backyard studio technically constituted a business, the question before this Court is whether or not the value of this use should have been considered as an element in determining respondents' condemnation award.

In *L & L Concession Co, supra,* the defendant operated a concession stand within the confines of

a racetrack which was condemned. The defendant had the exclusive license to operate there, and his business was *totally* destroyed by the condemnation of the racetrack property. There was no place, no other racetrack, to which the defendant could relocate. The Court stated that going-concern value can be awarded if it is necessary to render the compensation full, if it is not redundant of other damages awarded and if the business has been totally destroyed by the taking. *Id.,* 235. Based on the circumstances in that case, the Court ruled that an award must be granted for the going-concern value of the business.

*Detroit v Whalings, Inc,* 43 Mich App 1; 202 NW2d 816 (1972), *lv den* 388 Mich 813 (1972), reiterates the basic rules set out in *L & L Concession Co.* The issue in *Whalings* was very similar to the issue in the instant case: whether the defendant should have been allowed to submit evidence to the jury on the question of alleged loss of goodwill and destruction of its business occurring as a result of its purported inability to relocate. Whalings was a men's clothing store which had operated in downtown Detroit for over 100 years. It was unable to relocate in a financially feasible location because all other possible sites were already occupied. Furthermore, the defendant, in an offer of proof, submitted affidavits regarding its contention that the store's location was crucial and the condemnation would result in the total destruction of its ongoing value.

The Court refused to allow the evidence, as a matter of law, and distinguished *L & L Concession Co,* stating:

"* * * Whalings' going-concern value does not derive primarily from its location; it does not enjoy a monopoly, and its customers are not a captive audience. * * *

"* * * In the *L & L* case, a 'suitable location nearby' could only be within the racetrack grounds. The possibility of such relocation was foreclosed by reason of the condemnation of the entire racetrack. For this case to come within the facts of *L & L,* the entire downtown area would have to be included in the condemnation order." *Whalings, supra,* 9-10.

*In re Lansing Urban Renewal,* 68 Mich App 158; 242 NW2d 51 (1976), *lv den* 397 Mich 828 (1976), further interpreted *L & L Concession Co.* In that case a very unique restaurant located in downtown Lansing was condemned. The defendants fruitlessly made every possible effort to relocate in the same area. Thus, the trial court, in determining the proper award, considered the profits of the restaurant. On appeal, the plaintiff, relying on *Whalings,* alleged that the trial court's award was legally erroneous because it had included the going-concern value, or goodwill, in its determination of the condemned property's worth. *In re Lansing Urban Renewal, supra,* 163. The defendants responded that the inclusion was authorized by *L & L Concession Co.* The Court, at 165, held that there was no error in considering the going-concern value of the restaurant in determining the condemnation award:

"We hold that, where special facts similar to those present in *L & L* exist, a court may properly consider goodwill as evidence of the value of the leasehold or the capacity of the realty for use." (Citations omitted.)

The trial court had found that the restaurant was a unique operation in a unique location; it depended greatly on the location and any significant move would so greatly impair its business as to nearly destroy it. More importantly, the trial

court found that " '[t]he premises were adapted for a particular highly productive use *no way dependent on ownership by these particular defendants'* ". (Emphasis in original.) *In re Lansing Urban Renewal, supra,* 165.

Applying the law in the above-cited cases to the case at bar, it does not appear that the trial judge erroneously excluded evidence of the going-concern value alleged by respondents. As set forth in *In re Grand Haven Highway,* 357 Mich 20; 97 NW2d 748 (1959), the normal method for determining a condemnation award is to use the market value of the property. In this case it is undisputed that respondents received fair compensation for their property as used for residential purposes. Furthermore, the highest and best use to which land may be put is the test to be used to determine value of the land. *In re Condemnation of Lands in the City of Battle Creek for Park Purposes,* 341 Mich 412; 67 NW2d 49 (1954). In this case, there is no doubt that the highest and best use of respondents' land was as a residence, not as an outdoor photographic studio.

*Western Michigan University Board of Trustees v Slavin,* 381 Mich 23, 26; 158 NW2d 884 (1968), reiterates the standard for reviewing lower court decisions in condemnation proceedings:

" 'It is a recognized rule of this Court in condemnation cases that strict rules as to the admissibility of testimony are not always enforced, that ordinarily this Court will not set aside the award because of the introduction of improper evidence or *improper rulings of a trial judge* where one attends, but that where prejudicial, inadmissible testimony was received and acted upon by the jury, or *where competent testimony going to the merits was excluded which if admitted would have changed the result,* * * * this Court upon appeal will reverse.' " (Emphasis added.) Quoting *De-*

*troit v Fidelity Realty Co,* 213 Mich 448, 454; 182 NW 140 (1921).

In the instant case no competent testimony going to the merits which may have changed the result was excluded. Those factors cited in *L & L* and *In re Lansing Urban Renewal* justifying an award of going-concern value were not present in the instant case. Respondents did not lose their entire business because of the condemnation of their residential property. The location of their residential property was not crucial to the conduct of their downtown photography business. Their business did not consist solely of environmental photography. Respondents drew customers because of Mr. Gaffield's acclaim as a photographer, not because he took, on some occasions, outdoor photographs. Relocation was possible, though admittedly difficult, as is evidenced by the fact that respondents have subsequently purchased comparable property for their residence. Nor did respondents have a monopoly on environmental photography, much less the photography business as a whole, in Plymouth, as was the situation in *L & L.* Also, the going-concern value of respondents' photographic business did not derive primarily from the location of their residence. Unlike *L & L,* respondents' customers were not a captive audience. Finally, unlike the restaurant in Lansing, respondents' move did not "so greatly impair its business as to nearly destroy it". Also, unlike the restaurant, ownership of the photography studio by respondents in the instant case is vital. The instant case does not involve a situation where "the premises were adapted for a particular highly productive use". *In re Lansing Urban Renewal, supra,* 165. The trial judge did not abuse her discretion in

refusing to allow evidence of going-concern value to be submitted to a jury and in ruling on this as a "matter of law".

It is, therefore, our conclusion that the appropriate measure of value was applied and respondents did not fall within the exceptions set forth in *State Highway Comm v L & L Concession Co, supra,* and *In re Lansing Urban Renewal, supra.*

Our resolution of the propriety of the condemnation award is dispositive of respondents' other issues on appeal.

Affirmed. No costs, a public question being involved.