THE NEW ORLEANS AND CARROLLTON RAILROAD COMPANY
*v.* THE SECOND MUNICIPALITY OF NEW ORLEANS.

Where the charter of a company authorizes it to establish a railway along a public street to
a particular point, and to run a locomotive on the road, the company will be entitled to
make a turn-out from the main track to communicate with a *dépôt* erected by them near the
*terminus* of the road, containing the machinery necessary for reversing the engine, &c.,
where no objection exists to the construction of a turn out at that particular point, *Per
Curiam:* The right to establish such a *dépôt* results necessarily from the right to establish
and maintain the road; but the communication with the main track must be subject to the
police power of the Municipality, and be so constructed and used as to interfere as little
as possible with the free use of the public way.

APPEAL from the District Court of the First District, *Buchanan*, J.
This action was commenced by an injunction, restraining the defendants
from interfering with the construction of the turn-out, the right to make which is
the only question presented by the case. The injunction was dissolved, and
the plaintiffs appealed.

The judgment of the court was pronouced by

EUSTIS, C. J.* The railroad company claim the right of making a turn-out,
near the *terminus* of their steam transportation in Nayades street, in the neigh-
borhood of Tivoli Circle, in the Second Municipality, leading from the main
track to a lot belonging to the company, situated at the termination of Nayades
street, near Tivoli Circle. It is proved that they have erected the necessary
buildings, and prepared the requisite machinery on this lot for reversing the steam
engine and other purposes, and that a communication by railway to the main
track is necessary for the public convenience and for the preservation of the
engines, cars, &c.; and that without this communication, the cars, with the engine
attached, are obliged to be backed a distance of eight squares; which is attended
with risk to passengers and very injurious to the rails.

The right to establish the railroad on Nayades street is granted to this com-
pany by the fourth section of the charter. By an ordinance of the Council of
the Municipality of 1833, the privilege of extending the road down Baronne
street to Canal street was granted.

Some dissatisfaction having been manifested by the citizens residing on Ba-
ronne street, the company ceased to run their steam engine on that street, and
terminated the steam route near the Tivoli Circle, notwithstanding an act of the
legislature of 1843 gave the company the right to run their locomotives through
Baronne street as far down as Canal street.

We thought it but just that the company should have some place at the *ter-
minus* of their steam route for a *dépôt*, and suggested that a subject of this kind
could be much better settled by the good judgment of those charged with the
administration and police of the Municipality and those to whom the interests of
stockholders are committed, than by a decision of a court of law, inasmuch as
we believed the interests of the company and the public convenience were
identical. We also were averse to interfere with the police power, which the

---

* SLIDELL, J., having been of counsel, did not sit on the trial of this case.

government of the Municipality possesses over the streets and public ways, but which must always be exercised with proper regard to the rights of others. This suggestion being unheeded, the case must therefore be decided.

We consider that the right to establish a *dépôt*, such as that asked in this case, necessarily results from the right the company have to establish and keep in operation the railroad, but that the communication with the main route must necessarily be subject to the police power of the Municipality, and so constructed and used as to interfere as little as possible with a free use of the public way.

As no objection exists to the construction and use of a turn-out at this particular spot, and as the company have established this as a *dépôt* as near as convenience requires to the end of the road on Nayades street, there is no reason why it should not be permitted.

The judgment of the District Court is, therefore, reversed; and it is ordered that the plaintiffs be permitted to construct a turn-out from their main route in Nayades street to their lot at the termination of Nayades street near Tivoli Circle, which is to be used as a *dépôt* for their engines, cars, &c., and that the defendants pay the costs in both courts. The injunction, so far as it covers the subject of this decree, is maintained.

*Benjamin* and *Micou*, for the appellants. *Rawle*, for the defendants.