HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Defendant in Error, *v.* MARTIN A. MUDER, Plaintiff in Error.

1. *Eminent domain — Railroads — Statute — What uses public.*—The Hannibal & St. Joseph R.R. Co. are authorized under the statute (Wagn. Stat. 298, § 2, subd. 7) and charter (§ 5), to condemn land for purposes of depots, engine-houses and repair-shops. Such use is a public use, for which property may be taken against the owner's consent.

2. *Railroads — Condemnation of lands — Proceedings for — Allegations in.*— In proceedings to condemn lands for railroad purposes, an allegation in the petition that the parties could not agree upon the proper compensation to be paid for the land proposed to be taken, is a sufficient averment of the fact of disagreement to put the adverse party upon his defense upon the merits.

3. *Eminent domain — Benefits, assessment of — Exceptions, etc.*—Where proceedings of commissioners appointed to assess damages for taking of railroad lands are regular, and there is nothing to show that they erred in the principles upon which their valuation was made, exceptions to the proceedings should be overruled.

### *Error to Marion Circuit Court.*

*James Carr*, for defendant in error.

*H. J. Drummond*, for plaintiff in error.

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding under the statute to condemn for the plaintiff's use two parcels of ground lying within the corporate limits of the city of Palmyra. One of these parcels, as the petition shows, was required for a roadway in connecting the tracks of the plaintiff's railroad, and the other for a site for a depot, engine-house and repair-shops. In accordance with the prayer of the petition, commissioners were appointed, who in due time returned into court a report of their proceedings. One of the defendants, Muder, filed exceptions to this report, urging, among other grounds of objection to it, this: that the statute does not authorize the condemnation of land for the proposed building site, and that the use proposed was not a public use for which private property could be taken against the owner's consent.

The plaintiff's charter, section 5, authorizes it to take and hold lands for "depots, landing-places or wharves, engine-houses, offices, machine-shops, warehouses and water-stations." The

general law in relation to railroad corporations (Wagn. Stat. 298 § 2) also provides that such corporations may "erect and maintain all necessary and convenient buildings, stations, fixtures and machinery for the accommodation and use of their passengers, freight and business." There is no mistaking the object of these provisions. In Illinois, where the statute is much less specific, it is held that the grant by the Legislature of a right to construct a railroad with such "appendages" as might be deemed necessary and convenient for its successful operation, vested the company with power to acquire land through the process of condemnation for turn-outs, depots, engine-houses, shops and turn-tables ; these things, in the judgment of the court, being necessary conveniences in conducting the business of a railroad corporation. (Chicago, Burlington & Quincy R.R. v. Wilson, 17 Ill. 123 ; Low v. Galena & Chicago R.R., 18 Ill. 324.)

The adjudications in New Jersey and Louisiana on this subject are to the same effect. (3 Zabr. 510 ; 1 La. Ann. 128.) The principle of the decision in Eldridge v. Smith, 34 Verm. 484, is in harmony with the other decisions referred to. All these adjudications proceed upon the assumption that the appropriation of land for the purposes stated in the plaintiff's petition, is an appropriation of private property to a public use. See further on this subject 1 Redf. Railw. ch. 11, where the authorities are collected and elucidated.

As to the petition and the proceedings under it, I discover no substantial error or defect. The petition alleges, in the language of the statute, that the parties could not agree upon the proper compensation to be paid for the land proposed to be taken ; and that was a sufficient allegation of the fact of disagreement to put the adverse party upon his defense upon the merits. The proceedings of the commissioners were regular, and there is nothing to show that they erred in the principles upon which their valuation was made. The exception on that subject was therefore properly overruled. (St. Louis & St. Joseph R.R. v. Richardson, 45 Mo. 466.)

The judgment will be affirmed. The other judges concur.