*In re* PETITION OF DETROIT, GRAND HAVEN &
MILWAUKEE RAILWAY CO.

1. EMINENT DOMAIN—NOT GRANTED BY IMPLICATION—LIMITED TO
EXPRESS TERMS OR CLEAR IMPLICATION.
    Grant of power of eminent domain, which is one of attributes of
        sovereignty most fraught with possibility of abuse and in-
        justice, will never pass by implication, and when power is
        granted, the extent to which it may be exercised is limited to
        the express terms or clear implication of statute in which grant
        is contained.

2. SAME—PURPOSES FOR WHICH RAILROAD MAY CONDEMN LAND.
    Generally, such land as is essential to construction, maintenance,
        and operation of railroad may be secured by it through con-
        demnation proceedings.

3. SAME—LAND MAY BE CONDEMNED FOR ADDITIONAL YARD TRACKS.
    Taking land by condemnation proceedings by railroad company
        for additional yard tracks and facilities is authorized by 2
        Comp. Laws 1915, § 8243, authorizing taking of such lands
        as may be necessary for proper operation and security of road.

4. SAME—RAILROAD OPERATING UNDER SPECIAL TERRITORIAL CHARTER
AUTHORIZED TO CONDEMN LAND UNDER GENERAL RAILROAD LAW.
    Railroad company operating under special charter granted by
        territorial legislature has authority, under general railroad law
        (2 Comp. Laws 1915, § 8243), to condemn land for yard tracks
        and facilities, since provisions of said section are expressly
        made applicable to all railroad companies organized under
        general railroad law or under special charter from State legis-
        lature, and Constitution of 1835 (section 2, Schedule) ex-
        pressly provided that all laws in force in Territory, not repug-
        nant to Constitution, should remain in force in State.

Certiorari to Wayne; Lamb (Fred S.), J., pre-
siding. Submitted June 14, 1929. (Docket No. 74,
Calendar No. 33,891.) Decided September 4, 1929.

On right to take private property by condemnation, for the pur-
pose of constructing railroad, see annotation in 22 L. R. A. (N. S.)
118 *et seq.*

Petition by the Detroit, Grand Haven & Milwaukee Railway Company, successor to the Detroit & Pontiac Railroad Company, to condemn certain land belonging to Joseph F. Weber. From an order denying defendant's motion to dismiss the petition, defendant brings certiorari. Affirmed.

*Earl I. Heenan* and *MacKay, Wiley, Streeter, Smith & Tucker,* for appellant.

*H. R. Martin* and *H. V. Spike,* for appellee.

North, C. J. The Detroit, Grand Haven & Milwaukee Railway Company is the successor to the Detroit & Pontiac Railroad Company, and as such possesses and is operating its railroad from Detroit to Grand Haven under a special charter granted by the territorial legislature in 1834, as modified by various subsequent legislative enactments. It has instituted condemnation proceedings in Wayne county by which it seeks to acquire, "for additional yard tracks and facilities," lands belonging to the appellant, Joseph F. Weber. These proceedings were instituted pursuant to the general railroad law (2 Comp. Laws 1915, §§ 8232–8330).

Mr. Weber appeared specially, objected to the court's jurisdiction, and moved to dismiss the proceedings because: (a) The special charter of the railway company did not authorize it to condemn lands for the purposes set out in the petition; and (b), if it possessed such power, the railroad should follow the procedure set up in its special charter and could not proceed under the general railroad act. This motion was denied by the circuit judge. The correctness of this ruling is challenged by Mr. Weber, and is here for review on certiorari.

More specifically stated, it is Mr. Weber's claim that the railway company is not possessed of power under its special charter to acquire by condemnation his land described in the petition to be used for "the construction and operation by it of additional yard tracks and facilities adjacent to  *  *  *  its main line," which are alleged to be required by "its business, and the present and future public convenience and necessity;" and further, that since this railway company is operating under a special charter, it cannot prosecute condemnation proceedings under the general railroad law, as it is now attempting to do. As summarized in appellant's brief, this company under its special charter has the power to condemn land to the following extent only:

"So far as the same may be necessary for the purposes hereinafter mentioned and no further *  *  *  for the location, construction and keeping in repair said railroad, not exceeding 100 feet in width  *  *  *  or any other purpose which is necessary in the construction or repair of said road or its works."

It is asserted that power to condemn for "additional yard tracks" is not granted by the foregoing provisions of the special charter. But in addition to the powers conferred by the terms of its special charter, the legislature, in the general railroad law passed in 1873, provided:

"The provisions of this section shall apply to all railroad companies operating lines of railroad in this State, whether such companies are organized under the general railroad law or under any special charter from the State legislature." 2 Comp. Laws 1915, § 8243.

Earlier in the section cited, it is provided:

"Every such corporation shall possess the general powers and be subject to the liabilities and restrictions following, that is to say:    *    *    *.

"Third. To purchase, and by voluntary grants and donations, receive, take and by its officers, engineers, surveyors and agents, enter upon and take possession of, hold and use all such lands and real estate, franchises and other property as may be necessary for the construction, maintenance and accommodation of its railroad or railroad bridge or railroad tunnels, stations, depots and other accommodations; but the same shall not be appropriated until the compensation to be made therefor is agreed upon by the parties, or ascertained as herein prescribed, to be paid to the owners or deposited as hereinbefore directed, unless the consent of such owner be given therefor;

"Fourth. To lay out its road not exceeding one hundred feet in width, and to lay out its bridge or tunnel, *and    *    *    *    to take in the manner herein provided such further lands adjacent to and in the vicinity of its road or tunnel, as may be necessary for the proper construction, operation and security of its road or tunnel.*"

Appellant's counsel take the position that, because express provision for condemnation of lands for railroad yards by companies organized under this act is made in a subsequent section of the act (2 Comp. Laws 1915, § 8276), therefore such a provision cannot be implied from the general terms of section 8243 above quoted. They insist upon the rule of statutory construction "the expression of one thing (or of certain things) is the exclusion of the other" citing *Marshall* v. *Railway Co.*, 201 Mich. 167 (8 A. L. R. 435); and *Weinberg* v. *Regents of University*, 97 Mich. 246.

We are in accord with the following proposition of law cited in appellant's brief:

"A grant of the power of eminent domain, which is one of the attributes of sovereignty most fraught with the possibility of abuse and injustice, will never pass by implication, and when the power is granted, the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained." 10 R. C. L. p. 196.

But we are of the opinion that the construction which appellant would have put upon section 8243 is entirely too narrow and unduly restricted. In Elliott on Railroads (3d Ed.), p. 688, § 453, it is said:

"In the case of a railroad corporation the implied power (to take and hold real estate) is broad enough to authorize the acquisition of land for any structures that are reasonably necessary for the proper construction and operation of the road."

In general, it has been held that such land as is essential to the construction, maintenance, and operation of a railroad may be secured by it through condemnation proceedings. *New York, etc., R. Co.* v. *Gunnison,* 1 Hun (N. Y.), 496. Where a statute authorizes a railroad to condemn land for its use, it was held to authorize the taking of land necessary for depots and repair shops. *Hannibal, etc., R. Co.* v. *Muder,* 49 Mo. 165. See, also, *Central Pacific R. Co.* v. *Feldman,* 152 Cal. 303 (92 Pac. 849).

We cannot believe the legislature, by a general enactment (2 Comp. Laws 1915, § 8243), would have provided that, "Every such corporation shall possess the general powers  *  *  *  to take  *  *  * such further lands adjacent to and in the vicinity of its road  *  *  *  as may be necessary for the proper  *  *  *  operation and security of its road," without having in mind, among other things, the taking of additional lands for just such purposes as are set forth in the petition filed by the railroad

in the instant case.   The appellee has the right to proceed under the general railroad law.   While not specifically decided, this was rather plainly foreshadowed in *Ontonagon R. Co.* v. *Norton,* 236 Mich. 187.

There is no merit to appellant's contention that because the company's charter was granted to it by an act of the territorial legislature, rather than by an act of the State legislature, therefore it does not come within the terms of 2 Comp. Laws 1915, § 8243, wherein it is stated that "the provisions of this section shall apply to all railroad companies * * * organized under the general railroad law or under any special charter from the *State* legislature." The wording plainly indicates that the section was intended by the legislature to apply to "all railroad companies operating lines of railroads in this State," regardless of the act under which they may have been incorporated.   Further, the Constitution of 1835, which marked the transition of Michigan from a territory to a State, expressly provided:

"All laws now in force in the territory of Michigan, which are not repugnant to this Constitution, shall remain in force until they expire by their own limitations or be altered or repealed by the legislature."   See section 2, Schedule, Mich. Const. 1835.

The order of the circuit judge, denying appellant's motion to dismiss, is affirmed, with costs of this court to the appellee.   The appellant will have 15 days from the filing of this opinion within which to enter his appearance in the proceeding pending in the circuit court of Wayne county.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.   The late Justice FELLOWS took no part in this decision.