THE CHESAPEAKE & OHIO RAILWAY
COMPANY *v.* HERZBERG

1. Railroads—General Railroad Law—Domestic Corporations.
    Term "such corporation" when used in sections of general railroad
    law enumerating railroad powers refers only to railroad cor-
    porations organized under that act (CL 1948, § 463.1 *et
    seq.*).

2. Same—Eminent Domain—Special Charter Corporations.
    The eminent domain power granted domestic railroad corpora-
    tions by general railroad law extends to railroad corporations
    organized under a special charter from state legislature; for-
    eign railroad corporation, therefore, failed to establish eminent
    domain under this section of act where it did not allege or
    prove itself to be organized under a special charter (CL 1948,
    § 464.9).

3. Eminent Domain—Statute—Domestic Corporation.
    Legislative grant of authority to "any" or "every" corporation
    to exercise power of eminent domain does not include foreign
    corporations where it is found in a portion of the act dealing
    with powers of domestic corporations.

4. Railroads—Eminent Domain—Legislative Intent.
    That many grants of condemnation power in general railroad law
    are expressly limited to railroads organized under that law
    is evidence of legislative intent to deny condemnation power
    to foreign corporations.

References for Points in Headnotes
[1]  44 Am Jur, Railroads § 12 *et seq.*
[2]  26 Am Jur 2d, Eminent Domain §§ 20, 51.
[3, 4, 7]  26 Am Jur 2d, Eminent Domain §§ 15, 20.
[5]  26 Am Jur 2d, Eminent Domain § 22.
[6]  26 Am Jur 2d, Eminent Domain § 18.
[8]  27 Am Jur 2d, Eminent Domain § 394 *et seq.*

5. SAME—CONSOLIDATION—EMINENT DOMAIN.

    A Michigan railroad retains its condemnation power when it consolidates with a foreign corporation to create a new Michigan corporation, but the general railroad law makes no provision for the retention of such powers when the consolidation creates a foreign corporation or is not pursuant to provisions of the act; thus foreign railroad corporation could not assert eminent domain power by acquiring facilities of a domestic railroad without alleging and proving it acquired such powers through a consolidation or merger pursuant to provisions of general railroad law (CL 1948, §§ 464.29, 464.49).

6. EMINENT DOMAIN—STATUTE—CONSTRUCTION.

    The law of eminent domain is a harsh remedy and statutes governing it must be strictly construed; a grant of eminent domain power must be express and will never be implied.

7. RAILROADS—EMINENT DOMAIN—FOREIGN CORPORATIONS.

    Plaintiff foreign railroad corporation failed to establish jurisdictional prerequisite to bringing condemnation proceedings where it failed to allege and prove that it was authorized by general railroad law to exercise eminent domain power.

8. EMINENT DOMAIN—JURISDICTION—OBJECTION.

    A jurisdictional defect in eminent domain proceedings will defeat the proceedings at any stage, whether or not previously relied upon by an appellant; thus defendants' objection to plaintiffs not possessing eminent domain powers was not lost or waived by failure of defendants to file a motion or answer objecting to the proceedings on jurisdictional grounds.

Appeal from Probate Court of Saginaw, Jordan (Glenn E.), J. Submitted Division 3 October 9, 1968, at Grand Rapids. (Docket No. 3,932.) Decided December 24, 1968.

Petition by Chesapeake and Ohio Railway Company, a Virginia corporation, for condemnation of certain lands in the city of Saginaw. Three commissioners appointed by Saginaw Probate Court determined such condemnation to be necessary and fixed damages. Commissioners' report confirmed by Probate Court. Respondents Charles N. Herzberg,

Violet M. Herzberg, Charles H. Herzberg, and Joyce A. Herzberg appeal. Reversed and remanded with directions to dismiss.

*Weadock & Montgomery* (*Allan F. Schmaltzriedt* and *Edward H. Goodman,* of counsel), for petitioners.

*Floyd T. Fuss,* for respondents.

LESINSKI, C. J. A petition for condemnation was filed by the Chesapeake and Ohio Railway for the acquisition for railroad purposes of certain lands in which defendants have an interest. Pursuant to the petition, three commissioners were appointed by the Saginaw county probate court. Defendants never filed a motion or answer to the petition, although they did participate in a hearing held by the court and commissioners. Following the commissioners' determination of necessity for condemnation and their fixing of damages, the probate court confirmed their report. Defendants appeal from the order and confirmation.

Defendants, relying upon a general construction of the Michigan general railroad law, CL 1948, § 463.1 *et seq.* (Stat Ann § 22.201 *et seq.*), as amended, contend that the plaintiff, a foreign corporation, does not have eminent domain power in Michigan. Plaintiff, on the other hand, asserts that the act, especially §§ 464.9 and 464.17 (Stat Ann §§ 22.212, 22.218), provides adequate condemnation authority.

The act concededly is very loosely framed. *Toledo, Ann Arbor & Grand Trunk Railway Company* v. *Dunlap* (1882), 47 Mich 456. Section 464.9 states:

"Every *such* corporation shall possess the general powers and be subject to the liabilities and restrictions following, that is to say:  *  *  *

"Fourth, To lay out its road not exceeding one hundred feet in width, and  *  *  *  to take in the manner herein provided such further lands adjacent to and in the vicinity of its road or tunnel, as may be necessary for the proper construction, operation and security of its road or tunnel.  *  *  *

"Ninth.  *  *  *  The provisions of this section shall apply to all railroad companies operating lines of railroad in this state, whether such companies are organized under the general railroad law or under any special charter from the state legislature."[1] (Emphasis supplied.)

Standing alone, the introductory and fourth paragraphs of this section are ambiguous. Examination of surrounding sections[2] of the act, however, indicates the word "such" refers only to those corporations organized under the Michigan general railroad law. See, *Attorney General* v. *Joy* (1884), 55 Mich 94 (holding the act to refer to corporations organized under the act). While the ninth paragraph expands the grant of eminent domain power to include corporations organized under a special charter from the state legislature, § 464.9 does not expressly or impliedly give foreign railroads such powers. Plaintiff is not within the ninth paragraph as it has neither alleged nor proved itself to be organized under a special charter.

CL 1948, § 464.17 (Stat Ann § 22.220) provides in part:

---

[1] This section has since been amended, and the cited portion of the ninth paragraph omitted. PA 1967, No 123 (Stat Ann 1968 Cum Supp § 22.212).

[2] See CL 1948, § 464.8 (Stat Ann § 22.211). See, also, CL 1948, §§ 464.6, 464.7, 464.10, 464.14, 464.18, 464.19, 464.27, 464.28, 464.31, 464.38 and 464.42 (Stat Ann §§ 22.209, 22.210, 22.213, 22.217, 22.221, 22.222, 22.231, 22.232, 22.235, 22.242 and 22.246).

"In case any railroad, bridge or tunnel company is unable to agree for the purchase of any real estate, property or franchises required for the purpose of its incorporation, it shall have the right to acquire title to the same in the manner and by the special proceedings prescribed in this act; but there shall be no power except for crossing, to take the track or right of way of any other railroad company."

While this section may be broad enough to include foreign railroads, it must be interpreted in context and in light of surrounding sections. Except for its opening reference to "any" corporation, § 464.17 is concerned with rights involved and procedures to be utilized where one railroad condemns property owned by another railroad. As such, the clause referring to "any railroad" is purely introductory to the operative portions of the remainder of the section and arguably is not intended to grant any greater condemnation right than that provided by the remainder of the act. This section's requirement that property be acquired in "the manner and by the special proceedings prescribed in this act" suggests such a restrictive reading. As indicated in *Helena Power Transmission Co.* v. *Spratt* (1907), 35 Mont 108 (88 P 773), where a section of an act authorizes exercise of eminent domain by "any" or "every" corporation, that section does not include foreign corporations where it is found in a portion of the act dealing with powers of domestic corporations.

Of assistance in determining the inclusiveness of §§ 464.9 and 464.17, *supra,* are §§ 464.18, 464.19, 464.28, 464.29, 464.42, 464.44, and 464.49 (Stat Ann §§ 22.221, 22.222, 22.232, 22.233, 22.246, 22.247, 22.-252). Section 464.18, in enumerating the essentials of a condemnation petition, requires an assertion by the company that "the capital stock of the company has been in good faith subscribed as required by this

act to organize such company." Such a requirement would demand incorporation under Michigan general railroad law before a valid petition could be filed.

Moreover, that the act's remaining grants of condemnation power are limited to railroads organized under the general railroad law is further evidence of legislative intent to deny condemnation power to foreign railroads. For example, § 464.28, in allowing, *inter alia*, condemnation for building spur tracks or branches, expressly applies only to corporations organized under the general railroad law. Similarly, under §§ 464.42 and 464.44 (Stat Ann §§ 22.246, 22.247), the power to condemn lands for yards, terminals and depots and to condemn property owned by other railroads is expressly limited to railroads organized under the general railroad law.

Also, under § 464.19. (Stat Ann § 22.222), only those railroads organized under the general railroad law are given specific eminent domain power regarding lands needed to further use or possession of any railroads which they have acquired by purchase or consolidation. If foreign railroads already enjoyed eminent domain powers such a provision would be unnecessary. Thus, the intent gleaned from the act requires that foreign corporations be denied eminent domain powers.

It is clear that a Michigan railroad retains its condemnation power even though it consolidates with a foreign corporation to create a new Michigan corporation (§§ 464.29 and 464.49 [Stat Ann §§ 22-.233, 22.252]; *Dunlap, supra*). However, the statute does not provide for the situation where the resultant corporation is a foreign corporation or the transaction is not pursuant to §§ 464.29 and 464.49. In any event, though the evidence suggests that

plaintiff had acquired facilities of a domestic rail-road, it has neither alleged nor proved that it acquired condemnation powers through a § 464.29 consolidation or merger. As such, it has not shown that this section grants plaintiff eminent domain power.

The law of eminent domain is a harsh remedy necessitating a strict construction of and compliance with eminent domain statutes. *State Highway Commissioner* v. *Jones* (1966), 4 Mich App 420. A grant of the power of eminent domain must be express and will never pass by implication. *In re Petition of Detroit, Grand Haven & Milwaukee Railway Co.* (1929), 248 Mich 28. No express authorization to condemn is provided foreign railroads under Michigan statutes. Furthermore, the implication that no such power was intended arises from statutory construction. Therefore, we hold that plaintiff has failed to establish its authorization to condemn Michigan property.

Existence in a foreign railroad of the power of eminent domain is a jurisdictional prerequisite to bringing condemnation proceedings. The fact that defendants never filed a motion or answer objecting to the proceeding on jurisdictional grounds does not foreclose their raising the issue on appeal. A jurisdictional defect will defeat the proceedings at any stage, whether or not previously relied upon by an appellant. *Toledo, A. A. & N. M. R. Co.* v. *Munson* (1885), 57 Mich 42; *Village of Oak Park* v. *Van Wagoner* (1935), 271 Mich 450.

Waiver does not occur by failure to file a motion or answer because:

"Landowners are not required to plead, demur, or make formal answer to the petition. They may move to dismiss, and should do so, if the petition fails to aver jurisdictional facts, but, if the petition makes proper averments, then the landowner may leave

the petitioner to his proofs, and if the jurisdictional fact alleged is not proved the proceeding is not justified and is at an end. In this particular, jurisdiction of the subject matter may not be conferred by waiver or estoppel. * * * The statute of eminent domain is to be strictly construed, and its jurisdictional conditions must be established in fact." *In re Petition of Rogers* (1928), 243 Mich 517, 522.

Although defendants asserted numerous other defects in the condemnation proceedings, these assertions need not be discussed due to our disposition of the above jurisdictional issue.

As the jurisdictional fact of power to condemn was not proved by plaintiff, this case is reversed and remanded to the probate court with directions to dismiss.

Costs to appellants.

Fitzgerald and Templin, JJ., concurred.