**CITY OF FLINT, Plaintiff,**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY, Defendant.**

**No. 76–40133.**

United States District Court, E. D. Michigan, S. D.

Aug. 7, 1978.

**424**

Richard J. Figura, Asst. City Atty., Flint, Mich., for plaintiff.

Russell E. Bowers, Jr., Flint, Mich., for defendant.

# MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff, City of Flint, commenced this action on November 8, 1976 in the 7th Judicial Circuit Court, Genesee County, Michigan and on December 8, 1976, defendant Chesapeake & Ohio Railway Company (hereinafter C&O) removed the action to this court pursuant to 28 U.S.C. §§ 1441, 1332 (diversity of citizenship). Recognizing that defendant is a foreign corporation, this Court, on March 3, 1977, denied plaintiff's motion to remand this case to the state court.

This action involves a zoning ordinance passed by the City of Flint in 1968 which has classified certain railroad property owned by the defendant as "A–2, Single Family Medium Density," or "C–1, Multi-Family Walk-Up Apartment District." C&O, a Virginia corporation, proposes to construct additional railroad "spur" tracks, to extend existing spurs and to build roadbeds for these spurs upon the property. Plaintiff seeks a permanent injunction prohibiting defendant from constructing its proposed additions. A temporary restraining order issued by the Genesee County Circuit Court is presently in effect.

The parties have stipulated that this case involves two issues of law:

1. Is defendant's property subject to the zoning ordinance of the City of Flint? and

2. If defendant is subject to plaintiff's zoning ordinance, is the proposed construction on such property a non-conforming use within the meaning of the ordinance?

Defendant contends that the power of eminent domain as provided to railroads pursuant to Michigan statutes has supremacy over local zoning ordinances and, therefore, that the proposed construction project is not subject to plaintiff's ordinance. The power of eminent domain permits the condemnation of private property to the use of the public by a public entity or by a corporation to whom the power is delegated by statute.

The Michigan State Legislature has explicitly granted domestic corporations the power of eminent domain. Pursuant to M.C.L.A. § 464.9(c), domestic railroad corporations are permitted to:

> "use all such lands and real estate, franchises and other property as may be necessary for the construction, maintenance and accommodation of its railroad or railroad bridge or railroad tunnels, stations, depots and other accommodations."

Similarly, M.C.L.A. § 464.9(h) grants domestic railroads the power to:

> "Erect and maintain all necessary and convenient buildings, stations, depots, fixtures and machinery for the accommodation and use of their passengers, freight and business, and to obtain and hold all the lands necessary therefor."

■ Since Michigan railroad corporations have been granted the power of eminent domain, defendant is correct in arguing that as a general proposition:

> "The power of eminent domain granted by the state to a railroad takes precedence over the zoning power of a municipality, and that a municipal zoning ordinance may not prevent a railroad use of property." 101 C.J.S. Zoning § 137, p. 896.

However, in this case the defendant is not a domestic corporation. C&O is a Virginia corporation which in 1946 merged with the Pere Marquette Railway Company, a Michigan corporation. Therefore, the question presented in this case is whether a foreign railroad corporation which has merged with a Michigan railroad corporation has the power of eminent domain and as such would not be subject to the zoning restrictions passed by the City of Flint.

Plaintiff relies greatly upon the case of *C&O R.R. Co. v. Herzberg*, 15 Mich.App. 271, 166 N.W.2d 652 (1968), involving the same defendant and the identical merger between C&O and the Pere Marquette Railway Company, for the proposition that foreign railroads do not have eminent domain powers.

In *Herzberg*, the Court stated that:

> "the intent gleaned from the [general railroad] act requires that foreign corporations be denied eminent domain powers." 15 Mich.App. p. 276, 166 N.W.2d p. 655.

A reading of the opinion of the court in *Herzberg* establishes that a domestic railroad which merges with a foreign railroad to form a new Michigan corporation would retain the power of eminent domain. *Herzberg, supra*, p. 276, 166 N.W.2d 652. The Court did not, however, define clearly the scope of the powers of a foreign corporation which was merged with a Michigan railroad but has retained its status as a foreign corporation. The Court stated that:

> "the [general railroad] statute does not provide for the situation where the resultant corporation is a *foreign corporation* or the transaction is not pursuant to § 464.29 and § 464.49." Id. at 276, 166 N.W.2d at 655. (emphasis added)

Reading only this selected portion of the *Herzberg* decision which outlines two instances where the power of eminent domain would not be retained, the Court could conclude that a foreign railroad corporation which merged pursuant to a § 464.29 agreement would lack the power of eminent domain as it remains a foreign corporation. Nonetheless, it is the opinion of this Court that the *Herzberg* decision is not this narrow. The Court of Appeals added the following, though somewhat contradictory, qualifying language:

> "In any event, though, the evidence suggests that [the railroad] had acquired facilities of a domestic railroad, it has neither alleged nor proved that it acquired condemnation powers through a § 464.29 consolidation or merger. As such, it has not shown that this section grants [the railroad] eminent domain power." *Herzberg, supra*, pp. 276–277, 166 N.W.2d p. 655.

The *Herzberg* court did not, therefore, rule that in every factual situation a foreign railroad corporation which has merged with a Michigan corporation would not retain the power of eminent domain. In the case at bar, the parties have stipulated that

the property in question, now owned by the defendant, was obtained through a merger with Pere Marquette Railway Company in 1946 in accordance with Sections 29 and 30 of Article II, Public Act of 1873, No. 198 (M.C.L.A. §§ 464.29, 464.30, M.S.A. §§ 22.-233, 22.234). In the event of a merger or consolidation between railroad companies:

"Such new or surviving corporation shall possess all the powers, rights and franchises conferred upon the 2 or more corporations that are parties to such agreement." M.C.L.A. § 464.29, M.S.A. § 22.-233.

Additionally, if a merger is conducted in conformity with § 464.29, the:

"rights and interest[s] in and to every species of property and things in action, shall be deemed to be transferred to and vested in, or to remain vested in, such new or surviving corporation . . . and such new or surviving corporation shall hold and enjoy the same, together with all the right of way, and all other rights of property, in the same manner and to the same intent and as effectually as the same were formally held by said 2 or more corporations, parties to such agreement." M.C.L.A. § 464.30, M.S.A. § 22.234.

In this instance, the defendant is the surviving corporation of the merger with the Pere Marquette Railway Company. Also, the defendant, in answering plaintiff's complaint, has alleged that by virtue of the merger, it has succeeded to the powers of its predecessor in interest Pere Marquette.

Plaintiff is correct in asserting that a public entity clothed with the power of eminent domain must yield to municipal zoning ordinances in some instances. *Detroit Edison Co. v. City of Wixom*, 382 Mich. 673, 172 N.W.2d 382 (1969) and *Taber v. City of Benton Harbor*, 280 Mich. 552, 274 N.W. 324 (1928), cited by plaintiff in this regard, are not dispositive of the issues in this action and are distinguishable.

This Court is well aware that the power of eminent domain may never be applied by implication, and that the application of such power is "fraught with the possibility of abuse." *In Re Detroit, Grand Haven & Milwaukee Railway Company*, 248 Mich. 28, 32, 226 N.W. 663, 665 (1929). As the Court has noted, however, Michigan statutes explicitly grant domestic railroads the power of eminent domain. Also, in viewing the language of *Herzberg* in its entirety, and as the railroad property in question was acquired by C&O through a § 464.29 merger which was alleged and proven by defendant, the Court finds that defendant is not subject to plaintiff's zoning ordinance.

Defendant's motion for summary judgment, is therefore, GRANTED and plaintiff's motion for summary judgment is DENIED. The restraining order issued by the Genesee County Circuit Court is DISSOLVED and plaintiff's motion for a permanent injunction is DENIED.

IT IS SO ORDERED.